# McKnight *v.* Denny.

*Trespass—Damages for injuries to real property—Throwing dirt on land —Support.*

In an action of trespass to recover damages for injuries to real estate, the case is for the jury, and a verdict and judgment for plaintiffs will be sustained, where the evidence, although contradictory in character, tends to show that the defendant owned a lot upon a hill slope above the lot of the plaintiffs, that defendant by throwing dirt upon plaintiffs' lot put the plaintiffs to increased expense in excavating the lot for building purposes, and that the defendant by making a fill on his own lot imposed upon the plaintiffs the expense of constructing a wall made necessary by the fill.

Argued Oct. 31, 1900. Appeal, No. 164, Oct. T., 1900, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1898, No. 812, on verdict for plaintiffs in case of Henry McKnight and William L. Pierce, Executors of Elizabeth O'H. McKnight, v. William C. Denny. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for injuries to real estate. Before FRAZER, J.

At the trial it appeared that plaintiffs owned a lot of land in the city of Pittsburg on a hillside, and that defendant owned a lot of land on the hillside immediately above the land of

plaintiffs.　The evidence for the plaintiffs, although contradicted by some of defendant's witnesses, tended to show that defendant deposited earth on his lot in such a way that much of it rolled down on the plaintiffs' lot, and that the defendant also made a fill on his lot, and that this fill necessitated the plaintiffs constructing a wall for the protection of their property.

The court charged in part as follows :

[The other claim is the construction of the wall made necessary by the filling in done by Mr. Denny.　You will bear in mind that this is not an action to recover for the cost of building that wall, the cost of the wall is merely some evidence which you gentlemen may consider in determining the damages sustained. It is not an action to recover the price of the wall and the claim is not based upon the agreement between Mr. Aull, representing Mr. Denny, and Mr. McKnight, representing his mother, that Mr. Denny would pay a portion of the entire cost of the wall.　We admit that testimony merely as evidence of what the parties considered or might have considered as a fair compensation for damages sustained by Mr. McKnight; plaintiffs' claim is that this wall was made necessary by the filling in above, and that Mr. Aull and Mr. McKnight, having had a conversation in regard to the matter, agreed that the wall should be strengthened.

At the time the house was built by Mrs. McKnight, a portion of the wall was to be of brick, but at that time a conversation was had between Mr. Aull and Mr. McKnight and it was agreed that the wall should be made stronger, that it should be made of stone instead of brick, and that, as the plaintiff claims, was to be paid for at least in part or entirely by Mr. Denny; and the plaintiffs claim that that agreement fixed the amount of the damages which Mrs. McKnight had sustained or would sustain by reason of this filling.　Now you are not bound by that testimony ; of course if you should find that that was the understanding, that Mr. Aull agreed to build that wall, you can consider that is the amount of damages sustained by Mrs. McKnight, and having been fixed by the jury ; but if not, then you gentlemen must fix the amount of damages sustained, and the damages should be such as would compensate Mrs. McKnight for the additional costs that she was put to in the

construction of her house by reason of filling in by Mr. Denny, at the upper side of her lot, and if you think that her damages would reach the sum of $2,300, as claimed by the plaintiffs, you would be justified in allowing that amount, but if it only reached one half of that amount, you should not allow more than that, but if there were no damages sustained by her, then she should receive nothing.

You have heard the testimony of the different witnesses in regard to that, as to what expense Mrs. McKnight was put to by reason of being required to strengthen this wall, and you have heard the evidence of the different witnesses in regard to that.

While Mr. Aull admits that the wall, to some extent, thus supports Mr. Denny's lot, he claims it is not positively necessary, and that the filling done above the wall is really no injury to Mrs. McKnight. If it supports Mr. Denny's lot to some extent, it seems to me it would be a damage to Mrs. McKnight to some extent. She is not bound to build a wall to support Mr. Denny's property, and if his filling in required her to strengthen the wall, then she would be entitled to such damages as would compensate her for the additional amount that she was required to invest in her wall, but for no more; she would not be entitled to the value of the whole wall; what the wall would cost,—because to build her house it was necessary to put in some foundation. She would only be entitled to such an amount as was required to strengthen that wall.] [4]

The court refused binding instructions for defendant. [1]

Verdict and judgment for plaintiffs for $1,599.06. Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*C. S. Crawford*, for appellant, cited: Thurston v. Hancock, 12 Mass. 220; Dunlap v. Wallingford, 1 Pittsburg Rep. 127; Altvater v. Woods, 22 L. J. 41.

*Thomas Patterson*, for appellee.

PER CURIAM, January 7, 1901:

This suit was instituted by the executors of Elizabeth Mc-

Knight to recover damages sustained by her by reason of dirt thrown upon her property by the defendant, and a fill made by him to support his houses which rest upon and are supported by the wall or foundation of her house. It resulted in a verdict and judgment against the defendant in the sum of $1,599.06 from which he appealed to this court. The assignments of error on which he relies to sustain his appeal have been carefully examined and duly considered by us, and the conclusion we have arrived at is that no just cause for a reversal of the judgment appears in either of them. The evidence presented by the plaintiff required the submission of the case to the jury, and the charge of the court was fair, pertinent to all material matters and without prejudice to the rights of either party. Assignments dismissed.

Judgment affirmed.