## Gordon et al. v. Pettey et al., Appellants.

*Appeals—Equity—Findings of fact—Locality—Inferences.*

1. A case which involves mainly questions of fact and requires for correct determination a knowledge of locality, is peculiarly for the decision of the court of first instance.

2. Unless the appellate court is clearly satisfied that an erroneous result has been worked out by a chancellor who heard the witnesses, and is familiar with the properties involved, it will not overturn the conclusion.

3. While findings of fact based on an inference or conclusion from facts proved may be reversed on appeal, the appellate court will not reverse such findings unless it reaches the conclusion that the inference drawn by the chancellor was not a proper one.

*Equity—Injunction—Fills on upper property—Notice of danger to lower property—Slides—Mandatory injunction.*

4. On a bill in equity for an injunction and damages by a land owner against another land owner, who had made a fill on a hillside above the plaintiff's land without providing retaining walls or drains, defendant cannot assert as a defense that a reasonably careful man could not have foreseen the injury, if it appears that plaintiff had protested against the fill and warned defendant of the danger to the lower properties; such warning imposed on defendant the duty of taking counsel of others having knowledge.

5. In such case the court, while allowing damages, will not award a mandatory injunction to remove the fill, if there is no

evidence that the slide caused by the fill was continuing, or that future slides threatened, or were likely to occur; but the court will retain the bill so that an injunction may issue if required.

Argued October 6, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 154-7, March T., 1927, by defendants, from decrees of C. P. Allegheny Co., April T., 1924, Nos. 372-3, and Jan. T., 1924, Nos. 2487-8, on bills in equity, in cases of Josephine E. Gordon v. William E. Pettey and Hazel M. Pettey; Sarah Hoffield v. William E. Pettey and Hazel M. Pettey; Josephine E. Gordon v. Michael J. Doehla and Lula M. Doehla, and Sarah Hoffield v. Michael J. Doehla and Lulu M. Doehla. Judgment modified and affirmed.

Bills for injunction. Before FORD, J.

The opinion of the Supreme Court states the facts.

Decrees for plaintiffs, allowing damages and awarding mandatory injunctions. Defendants appealed.

*Errors assigned,* inter alia, were decrees, quoting records.

*H. F. Stambaugh,* with him *Warren H. Van Kirk, William H. Eckert* and *Watson & Freeman,* for appellants.—The fill deposited by defendants on their lots was not the proximate cause of the slide which injured plaintiffs' properties.

Where a finding is an inference or conclusion from other facts proved in the case, such finding is always open for review by the appellate court; the rule that findings of the trial judge will be sustained unless there is no evidence to support them or they are clearly erroneous, does not apply: Gongaware's Est., 265 Pa. 512; Hamilton v. Fay, 283 Pa. 175; Hindman's App., 85 Pa. 466; Jefferson & Indiana Coal Co. v. Marks,

287 Pa. 171, 178; Pa. Knitting Mills v. Bayard, 287 Pa. 216, 219; Lineweaver's Est., 284 Pa. 384, 388.

Appellants were not negligent in making the fill on their properties without providing retaining walls or drains: Rockwood v. Wilson, 65 Mass. 221; Anderson v. Mfg. Co., 207 Pa. 106; Thubron v. Dravo C. Co., 238 Pa. 443; Williams v. Ladew, 161 Pa. 283.

The evidence in this case did not warrant the issuance of a mandatory injunction, ordering appellants to remove the fill or construct retaining walls or drains: Scranton v. Steel Co., 154 Pa. 171; Wakeling v. Cocker, 208 Pa. 651; Mackintyre v. Jones, 9 Pa. Superior Ct. 543; Fraseman v. Purvis, 51 Pa. Superior Ct. 506.

*A. M. Neeper,* for appellees.—The slip and movement of the material constituting the fill negligently placed by appellants on their lots was the proximate cause of the injuries to appellees' properties.

Appellants were negligent in making the fill on their properties under the conditions existing at the time the fill was made, generally and especially, without providing retaining walls or drains.

A mandatory injunction is proper under the conditions of the case and should issue.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

These cases involving as they do mainly questions of fact and requiring for correct determination a knowledge of locality are peculiarly for the decision of the court of first instance. Unless we were clearly satisfied that an erroneous result has been worked out by the chancellor who heard the witnesses and is familiar with the properties involved, we would not overturn his conclusion.

We have here four bills in equity brought by two separate plaintiffs against two sets of defendants, but the

circumstances giving rise to the litigation are a whole and we will dispose of the cases together.

Plaintiffs' complaint as set forth in their bills and supported by their proofs is that being lower property owners on the steep slope of an "erosional" valley, they have been seriously damaged by the action of defendants in making a fill on their lands further up the slope, which caused a slide and consequent injury to plaintiffs' lands and buildings. The making of the fill is admitted; in extent it was about 120 feet long, 40 to 60 feet wide with a maximum depth of from 15 to 18 feet. The filled material which slid down the slope did not reach appellees' property, but the soil of their lots was upheaved and their buildings were damaged.

Appellants' first position is that the fill deposited by them on their lots was not the proximate cause of the slide which injured plaintiffs' properties, that it was due to the seepage of rain water which fell on the land and caused a portion of the fill to slide. They contend that the weight of the fill in itself was not sufficiently great to cause the slide; witnesses produced by them and their engineers and geologists testified that the imposition of the fill on their lots had not caused the slide; that its real cause was the rainfall which percolated through the surface soil and two layers of sandstone to the red shale, and then travelled above the latter to the point where it outcropped, where the break in the surface occurred, and that this water permeated and saturated the surface soil below this point and caused it to slip in the same manner as other similar slides had occurred in the same vicinity, and that this was something for which the defendants were not responsible and which they could not anticipate. The chancellor, however, determined that "the material by reason of its weight pressing on the underlying strata prevented the natural percolation of water through the surface soil and the underlying strata, causing it to gather, and being without outlets, the water accumu-

lated and forced the filled material, together with the surface soil, to move forward down the hill. In its so moving it forced the earth and strata forward, carrying the grass, trees and elderberry bushes from their natural position." While it may be true as appellants argue that no witness testified that the weight of the fill prevented the percolation of water through the surface soil and the underlying strata and caused it to accumulate and force the filled material and surface soil down hill, nevertheless we think in the inferences which arise from the testimony such a conclusion can be reached, and while it is true that findings based upon an inference or conclusion from facts proved in a case will be reviewed by us (Gongaware's Est., 265 Pa. 512; Hamilton v. Fay, 283 Pa. 175) we do not reach the determination that the inference drawn by the court below was not a proper one.

Appellants' second position is that they were not negligent in making the fill on their properties without providing retaining walls or drains, that they had the right to deposit earth and material on the surface of their lots and that the average prudent man would not foresee that injury would be done to those lower down the slope, that the average man knows little or nothing about the geological formation of the land which he owns and the conditions of the natural soil and the underlying strata and would not be familiar with the mechanical principle that the imposition of a sufficiently great weight on a slope might cause a slide. Defendants, however, had the best of knowledge which could be brought to them that what they were doing was fraught with danger, because appellees notified them not to make the fill because of the likely result to their properties lying below. It would seem that after being thus expressly warned it was incumbent upon defendants to take counsel with those who possessed the knowledge as to whether what they were doing was likely to cause injury to those down hill.

Appellants' third position is that the evidence in the case did not warrant the issue of a mandatory injunction ordering them to remove the fill or to construct retaining walls or drains. In view of the fact that there is no evidence that the slide is continuing or that future slides threaten or are likely to occur, we think there is merit in this contention, and, at least at present, they need not be put to this large expense. It was stated at bar on oral argument by counsel for appellees that they do not insist upon the issuing of the injunction at this time. In the order which we shall make we will so modify the decree as to take care of this situation.

Appellants' last contention is that the damages awarded by the chancellor are excessive. He seems to have very carefully gone into this subject and we are not prepared to say that the figures at which he arrived are unreasonable.

The assignments of error are overruled and the decree of the court below is affirmed, except that it is directed that the mandatory injunction requiring appellants to remove the fill or construct retaining walls or drains shall not issue until it shall be made to appear to the court below that there is imminent danger of further damage to the properties of plaintiffs, the court to retain the bill so that the injunction may issue if required; the defendants are directed to pay the costs.