Londrino, Appellant, *v.* The Equitable Life Assurance Society of the United States.

Argued April 1, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Samuel J. Goldstein,* for appellant.

*Thomas Lewis Jones,* for appellee.

OPINION BY MR. JUSTICE JONES, June 1, 1954:

This appeal by the plaintiff beneficiary of a life insurance policy is from a judgment for the defendant insurance company entered on a jury's verdict in its favor upon trial of an action brought to recover on the policy for the alleged death of the insured, the beneficiary's husband. The trial was notably free of harmful error and no complaint is made of the learned trial judge's submission of the case to the jury. The sole error here assigned is that the court en banc abused its discretion in failing to grant the plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence.

It is indeed infrequent that a trial court grants a new trial solely on the ground that the verdict was against the weight of the evidence, and it is still more unusual for an appellate court to reverse a lower court's refusal of a new trial for such reason. But, as the late Chief Justice MAXEY said in *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57,—"While this Court usu-

ally supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail." More recently, in *Decker v. Kulesza,* 369 Pa. 259, 263, 85 A. 2d 413, Mr. Justice CHIDSEY again recognized for this court that "While an award of a new trial is an inherent power of the court and its exercise a matter of discretion, the discretion is not an absolute one and it is the duty of this Court to review and determine whether there has been an abuse of discretion: [citing cases]." A majority of the members of the court who sat for the argument of this appeal are of the opinion that the interests of justice require that the case again be submitted to a jury and that for the learned court below not to have so ordered amounted to an abuse of discretion.

Inasmuch as the case goes back for a retrial, it would, manifestly, be inappropriate for us now to relate in detail and perhaps appraise, if by no more than implication, the facts upon which the plaintiff relies to establish her claim that the insured met his death while at work for his employer, the Carnegie-Illinois Steel Corporation, by accidental cremation in the blast furnace which it was his duty to attend and help supply with the materials necessary for making iron.

Judgment reversed with a v.f.d.n.

––––––––––

DISSENTING OPINION BY MR. JUSTICE BELL:

When a suit against an insurance company is brought for serious personal injuries or death and the

jury returns a verdict for the insurance company, it is as unusual as the case of a man biting a dog. In spite of the natural sympathy which every Judge has for a bereaved family, neither the lower Court nor the trial Judge who saw and heard the witnesses felt that the jury's verdict was capricious or unjust. No testimony or facts are given by the majority opinion and I find none to show that the Court below clearly abused its discretion* in refusing to grant a new trial.

For these reasons I would affirm the judgment.

*This is the test: See *Wargo v. Pittsburgh Railways Co.*, 376 Pa. 168, 175, 101 A. 2d 638.