Robinson, Appellant, *v.* Freeborough.

Argued March 26, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*J. Milton Klein,* for appellant.

*William C. Walker,* with him *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 22, 1957:

In this action of trespass to recover for personal injuries sustained by a four and a half year old girl, the jury returned a verdict in favor of the defendant. Plaintiff now appeals from the refusal of the Court of Common Pleas of Allegheny County to grant a new trial.

According to the defendant's testimony he was proceeding westwardly on Jacksonia Street in Pittsburgh at a speed of between 8 and 10 miles per hour. At approximately 100 feet west of an intersection and some 8 feet in front of his automobile, a little girl ran from the curb at his right, between two parked cars. Although he immediately attempted to stop, the child was hit and injured.

The appellant, in order to show negligence on the part of the defendant, attempted to establish that the accident happened at the intersection as she was crossing ahead of and in plain view of the oncoming defendant. In support of this contention appellant's sister, also a minor, testified that she was one of a group of children who left kindergarten, walked to the intersection and proceeded across. There were no cars parked in the vicinity. She looked back for her sister and saw her being struck by the defendant's automobile. The defendant denied this testimony. The appellant's mother testified that during the journey to the hospital following the accident the defendant passed by the scene and pointed out the intersection as the spot where the accident occurred. He allegedly told her that he saw a group of children crossing the street when suddenly his car hit something. Further she testified that he stated that had the child gone a little farther she

would have safely crossed in front of his automobile. All these admissions testified to by the child's mother were denied by the defendant.

The direct conflict in the evidence as to the manner in which the accident occurred was properly submitted to the jury, after a trial which was notably free from harmful error. The jury accepted the defendant's testimony that this was a "darting-out" case rather than a crossing accident occurring while children were returning home from school, and found for the defendant.

The appellant now contends that the trial court abused its discretion in failing to grant her motion for a new trial because the verdict was against the weight of the evidence. As Mr. Justice (now Chief Justice) JONES points out: "It is indeed infrequent that a trial court grants a new trial solely on the ground that the verdict was against the weight of the evidence, and it is still more unusual for an appellate court to reverse a lower court's refusal of a new trial for such reason." *Londrino v. Equitable Life Assur. Soc. of the U. S.*, 377 Pa. 543, 544, 105 A. 2d 333 (1954).

After a thorough review of the entire record and an evaluation of the testimony elicited from the three witnesses, we find no reason to disturb the lower court's exercise of discretion.

Judgment affirmed.