McArthur, Appellant, *v.* Balas (et al., Appellant).

Argued October 4, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Benjamin Jacobson*, with him *Morris B. Greenberg*, and *Hirsch & Hirsch*, for plaintiffs, appellants.

*Joseph F. Weis, Jr.*, with him *Weis & Weis*, for defendants, Rostosky, appellants.

*Louis Vaira*, with him *Barna & Barna*, for defendants, Balas, appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 4, 1961:

David McArthur and Bertha McArthur, his wife, owned land, improved with a dwelling house, in Foreward Township, Allegheny County. To the rear of and adjoining McArthurs' property was a large tract of land owned by Andrew Balas and John Balas, Jr. (herein called Balas). The Balas' land was on a hillside at a considerable elevation above and sloped downward toward McArthurs' property. Balas' land contained a "four foot" vein of coal which lay near the surface.

On February 13, 1953, Balas entered into a coal lease agreement with Joseph E. Gross under the terms of which Gross was to strip mine Balas' land. In accordance with the terms of the Balas-Gross lease, Gross entered Balas' land to strip mine the coal on March 6, 1953 and occupied the land for that purpose until October 14, 1953. During the course of that time, Gross uncovered the coal in the "four foot" vein and made a lateral cut in the hillside 30 feet in width and 1200-1400 feet in length. During that time Gross uncovered about 4,000 tons of coal of which only 2,000

tons were removed because of market conditions for coal at the time. The excavated earth or overburden which had covered the coal was placed by Gross on the downhill side of the cut.

In July of 1955, Balas entered into a contract with Michael Rostosky and Joseph Rostosky to remove the remaining uncovered coal in the cut, this contract providing, inter alia, that Rostoskys should place their earth or overburden inside the cut and not outside of the cut. Rostoskys entered upon Balas' land in July of 1955 and remained thereon until August 18, 1955 at which time they removed therefrom.

In the early part of March, 1956, the land to the rear of McArthurs' property began to slide and, as a result of this earth slide, McArthurs' property was damaged.[1]

On August 1, 1957, McArthurs filed a complaint in trespass against Balas (the landowners), Gross and Rostoskys (the strip mining contractors) in the Court of Common Pleas of Allegheny County. After a trial before a court and jury, McArthurs recovered a verdict for their property damage in the amount of $8300 against Balas (the landowners) and Gross and the Rostoskys (the strip mining contractors) were exculpated by the jury from any liability. McArthurs and Balas filed motions for a new trial, both of which were granted.[2] From this grant of a new trial generally, McArthurs and Rostoskys have appealed.

---

[1] Robert W. Tarpley, administrator of the estate of Lewis T. Tarpley, deceased, owned land adjacent to McArthurs' land and, as a result of the same factual situation, Tarpley's land was also damaged. Tarpley sued Balas (the landowners), Gross and the Rostoskys (strip mining contractors) and recovered a verdict against Balas but not against Gross and the Rostoskys. That lawsuit, and the result thereof, is before us on these appeals.

[2] The strip mining contractor (Gross) filed no motion for a new trial nor is there any appeal before this Court on Gross' part.

These appeals present a single issue: did the court below abuse its discretion in awarding a new trial as to all the defendants?

It is axiomatic that the grant or refusal of a new trial is discretionary with the lower court and will not be reversed by an appellate court in the absence of a manifest or palpable abuse of discretion. To determine whether the court below abused its discretion requires an examination of the opinion of the court below wherein the court has set forth reasons for its action in granting a new trial generally.

In respect to Balas' motion for a new trial, the court below, concluding that the facts of record made it clear that all the defendants—that is, the landowners and the strip mining contractors—were concurrently negligent and jointly and severally liable, stated: "The situation which caused the damage to the plaintiffs' [McArthurs] was not created by the defendant landowners [Balas]. It was created by either or both the defendant coal strippers [Gross and Rostoskys]. It was not an independent act of negligence by the landowners [Balas] and therefore to hold them alone liable is an injustice and is an inconsistent verdict which must be corrected by the granting of a new trial."

Our examination of the record reveals nothing unjust nor inconsistent in the verdict against Balas. It is never unjust to hold a person responsible for harm or damage occasioned by his negligence. As hereinbefore stated, the record reveals that Balas' land, in the rear of McArthurs' property, was at a considerable elevation above and sloped down toward McArthurs' property. Pursuant to the two coal leases, Gross and the Rostoskys, at different time intervals, carried on coal mine stripping operations on the Balas' hillside. During the interim period between Gross' strip mining

and Rostoskys' strip mining—October 1953 to July 1955—Balas had the sole control and possession of the land. There was testimony that during this period of time—in the spring of 1955—the piles or mounds of overburden along the cut had begun to crack and move. Balas took no steps to prevent these mounds or piles of overburden from sliding down on the McArthur property.

In March of 1956, while Balas had sole control and possession of the land, David McArthur noted that a portion of the overburden was beginning to slide and he notified Andrew Balas, one of the landowners, who, with him, examined the property. Balas did not feel that the slide would reach McArthurs' property and took no steps to stop its movement. The slide continued and Balas was again notified. Once again, Balas examined the property, but: "When warning was given by one of the plaintiffs, it was too late for the landowners to do anything as the land had started to slide."[3] The slide continued and finally destroyed the McArthur property.

Nothing in the lower court's opinion indicates that the verdict against Balas was not just and proper. In fact, the court stated: "The defendant landowners are liable if the jury finds that they knew or should have known that the pile of earth on the hillside involved an unreasonable risk of harm to others. Restatement of Torts, §364. . . . As hereinbefore stated, while it is true that these defendants [Balas] did not originally create any dangerous condition, they may nonetheless

---

[3] As stated in Balas' brief. In this regard, it is also noted that during the Gross operations a portion of the overburden began to slide threatening *another* lower adjoining property. Gross, despite the fact that the slide had started, eliminated the danger by pushing the overburden away from the property, and spreading it around, so that it would not mass in any one place and again cause or threaten future property damage.

be liable. There was evidence that they should have known that a condition involving an unreasonable risk of harm had been created."

It was Balas' duty to so use and maintain their land as not to injure adjoining landowners: *McCarthy v. Ference*, 358 Pa. 485, 58 A. 2d 49; *Gordon v. Pettey*, 291 Pa. 258, 139 A. 914; *McKnight v. Denny*, 198 Pa. 323, 47 A. 970.

A review of the instant record indicates that Balas' liability was not predicated on the creation of the artificial condition, nor need it be, but rather, upon its maintenance and continuance. With notice and knowledge of the unreasonable risk to the lower adjoining landowners, Balas took no measures, preventive or corrective, to eliminate the danger which subsequently caused the damage to McArthurs' property. A finding against Balas was clearly not dependent upon a finding against either or both coal strippers, Gross and Rostoskys.

It is obvious that the action of the court below in granting Balas' motion for a new trial was prompted solely by its opinion that Balas were jointly and severally liable and that the verdicts should have been against either or both the exculpated strip mine contractors. We have often stated that, having secured a verdict against one of two alleged tortfeasors, a plaintiff should not be denied his verdict because the court is of the opinion that the verdict should also have been against the co-defendants who were exculpated: *Trerotola v. Philadelphia*, 346 Pa. 222, 226, 227, 29 A. 2d 788; *Felo v. Kroger Grocery & Baking Co.*, 347 Pa. 142, 145, 31 A. 2d 552; *Frank v. W. S. Losier & Co., Inc.*, 361 Pa. 272, 277, 64 A. 2d 829; *Ratcliff v. Myers*, 382 Pa. 196, 202, 113 A. 2d 558. See: 6A Stand. Pa. Prac. 161. This is especially true where the action is severable as well as joint: *Bailey v. C. Lewis Lavine, Inc.*,

302 Pa. 273, 278, 153 A. 422. See: 39 Am. Jur. 49, New Trial §25.

Balas had a fair trial. Under the circumstances and for the reasons hereinbefore stated, the award of a new trial as to Balas was an abuse of discretion by the court below.

As to the strip mining contractors (Gross and Rostoskys), the court below concluded that the verdicts which exculpated them were clearly against the weight of the evidence and, for that reason, granted a new trial as to them. We have thoroughly examined the record and considered Rostoskys' contentions and fail to find any abuse of discretion on the part of the court below in awarding as to them a new trial. The record affords ample evidence to justify and support the action of the court in this respect. Inasmuch as this case is to be retried as to Gross and Rostoskys, we have refrained from relating in detail and thus appraising, by implication, the facts, testimony and inferences involved therein: *Kiser v. Schlosser,* 389 Pa. 131, 134, 132 A. 2d 344; *Londrino v. The Equitable Life Assurance Society of the United States,* 377 Pa. 543, 545, 105 A. 2d 333.

The action of the court below in granting a new trial as to Balas is reversed with direction that judgment be entered on the verdict against them. The action of the court below in granting a new trial as to Gross and Rostoskys is affirmed.