## Hancock v. Moore, Appellant.

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*A. Lynn Corcelius,* with him *Henry & Corcelius,* for appellant.

*Morris M. Terrizzi,* for appellant.

*John Idomir,* with him *Warren R. Yocum,* for appellee.

OPINION BY MR. JUSTICE BOK, June 2, 1961:

The appellants are the defendant drivers of two automobiles. The appellees are two minor passengers in the car of defendant Moore. The jury found for defendants, and the court below granted a new trial. There is no question of contributory negligence, and the only question has to do with whether or not the drivers, one or both, were negligent and hence whether the court erred in granting a second trial.

The scene is the Hill Valley bridge in Shirley Township, Huntingdon County. Defendant Price was approaching the bridge from the north: defendant Moore was approaching it from the south. As if magnetized by it, both cars reached it at about the same time.

The bridge was nineteen feet long, with side walls sixteen feet apart, and a paved roadbed fourteen feet wide. At least 225 feet from it on both sides were signs warning of the narrow bridge. Both drivers were familiar with the road. There was some degree of hill sloping towards the bridge from both north and south, and there was a moderate right-going uphill curve coming from the south. The road was straight for 150 to 200 feet to the south of the bridge and for 400 to 500 feet to the north of it, and the bridge was visible for about 500 feet from both directions.

Price saw Moore's car when he, Price, was 400 to 500 feet north of the bridge and Moore was about the same distance south of it. Both cars were approaching the bridge at about the same speed, 30 to 35 miles per hour. One of the plaintiff passengers in Moore's car saw Price's car at about the same distance that Price saw theirs, and she warned Moore, who said that he

could make it. Moore did not see Price's car until he, Moore, was ten feet from the bridge and Price was about twenty feet from him. By then Moore said that he had slowed to about five miles per hour, but as he reached the bridge Price was already on it and Moore, skidding three or four feet, chose to hit the side wall of the bridge rather than the other car. Price continued on to the bridge at 30 to 35 miles per hour. There was no contact between the cars, and Price stopped on the south side of the bridge to get out and help. The two passengers were injured and sued both drivers. When the court granted a new trial both defendants appealed.

Speaking as the court en banc after argument, the trial judge said: "This is not a case involving a mere conflict of testimony. Viewing the testimony of defendants in any light, these verdicts were against the weight of the evidence. The judge of this court was shocked when the verdicts were rendered, believing that they represented a miscarriage of justice. In over 28 years as a lawyer and a judge there have been verdicts in civil courts with which this writer disagreed, but these verdicts stunned this court as no other civil verdict has done. At the time of their rendition, the verdicts wrote amazement on the faces of counsel present. Nothing since has transpired to lessen the conviction of the trial court that to permit these verdicts to stand would make a travesty of justice."

This is a sufficiently articulate reason, under *Elza v. Chovan,* 396 Pa. 112 (1959), 152 A. 2d 238, to justify the grant of new process. In fact the negligence of both drivers is independently so clear to us that even if their stories are accepted at face value both were obviously careless. Price entered what was effectively a one-way bridge at undiminished speed with Moore approaching in full view on the opposite side. Moore, although warned, did not see, and hence could

not have looked at least from the hill to see Price approaching cap-a-pie from the other direction.

We do not disturb the discretionary grant of a new trial lightly or unless it has been done capriciously or with palpable abuse of discretion: *Geelen v. Pennsylvania Railroad Co.*, 400 Pa. 240 (1960), 161 A. 2d 595.

Here the negligence of both drivers on this record is as clear as well water, and all that was capricious in the case was the verdict of the jury.

The orders are affirmed.

Mr. Justice BENJAMIN R. JONES concurs with the majority as to the defendant Moore, but would enter judgment on the verdict for defendant Price.

————

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE BELL:

I concur in the Opinion of the Court as to Defendant Moore; however, I would enter judgment on the verdict for Defendant Price.

It is clear from all of the evidence that Moore's negligence was the proximate and superseding cause of the accident and that if Price were negligent his negligence was not the proximate cause of plaintiffs' injuries. Moreover, the jury obviously and undoubtedly believed that the accident was not Price's fault.

Price arrived at the bridge before Moore. As Price came up to the bridge, Moore slowed down and thus lulled Price into believing he could safely cross the bridge. When Price was committed to the bridge, Moore suddenly quickened his speed at a time when Price was already on the bridge. Price testified that at the speed he was travelling two automobiles can go through the bridge at the same time and as he started to cross the bridge it seemed safe to him to proceed at the same rate of speed at which he was travelling.

However, when Moore quickened his speed there was nothing for Price to do but go a little faster so that he could traverse the bridge before Moore got on it.

Moore testified that he was familiar with the road and with the bridge and that he did not see Price's car until he, Moore, was 10 feet from the bridge, at which time Price was nearly across the bridge and about 20 feet from him. Moore further testified that if he had seen the Price car before he was 10 feet from the bridge he could have avoided the accident. When Price was already almost across the bridge and Moore had not yet reached it, instead of bringing his vehicle to a stop, Moore continued driving and ran into the abutment of the bridge and injured the plaintiffs.

The trial Judge granted a new trial because in his judgment the verdict was against the weight of the evidence and he was shocked, believing that both defendants were equally guilty and that the verdict represented a miscarriage of justice.

No Judge on this Court has championed the right of a trial Judge to grant a new trial where in his opinion Justice requires it, as frequently or as vigorously as I. In *Bellettiere v. Philadelphia*, 367 Pa. 638, 81 A. 2d 857, I said (page 645): "I would, therefore, hold that where a trial judge who sees and hears the witnesses grants a new trial, not for an error of law or because the verdict was against the weight of the evidence, but solely because of his conscientious conviction that the interest of justice requires it, an appellate court will not, in the absence of fraud or collusion, reverse such action."

Unfortunately that is not the law. However, I believe it would have been better expressed if after the words "fraud or collusion" the words "a very palpable abuse of discretion" had been added. In other words, I would sustain a lower Court in 98% or 99% of the times where a trial Judge grants a new trial because

of his conviction that "the interest of justice" requires it. However, I am convinced that this is the one hundredth case. It was natural for the trial Judge to be shocked at the verdict in favor of Moore, but certainly not as to Price. Even if it be assumed that the evidence was sufficient to take the question of Price's negligence to the jury, it would have been a gross miscarriage of justice for the jury to have returned a verdict for plaintiff against Price. For the above mentioned reasons I would reverse the grant of a new trial in *Hancock et al. v. Price* because of a very palpable abuse of discretion by the lower Court, and I would here enter judgment on the verdict in favor of Price.