Crosson *v.* Johnson, Appellant.

Argued June 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before PIEKARSKI, J.

*Sheldon Tabb,* for appellant.

*Albert L. Bricklin,* with him *Bennett and Bricklin,* for Crosson, appellee.

OPINION BY ERVIN, J., September 12, 1961:

In these two trespass cases the court below granted new trials and the defendant, in whose favor the jury found, appealed. The new trials were granted because the verdicts were capricious and against the weight of the evidence.

The determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily within the discretion of the trial court and its action will not be disturbed unless there is a palpable abuse of that discretion as de-

termined from a careful review of the entire record: *Ason v. Leonhart*, 402 Pa. 312, 165 A. 2d 625.

We have examined the entire record in this case and cannot find any palpable abuse of discretion by the court below. It was clear to the court below that the jury "brushed aside" the testimony of a disinterested eyewitness and then found its verdict "upon the defendant's unreliable and contradictory testimony."

Inasmuch as these cases must be retried we will refrain from relating in detail and thus appraising, by implication, the facts, testimony and inferences involved: *McArthur v. Balas*, 402 Pa. 116, 123, 166 A. 2d 640.

On August 9, 1958 the plaintiff, James Crosson, was the owner of a half ton panel truck which was being operated by his agent, the second plaintiff, Robert De-George, in a southerly direction on Fifteenth Street at or about its intersection with Pine Street in the City of Philadelphia. The intersection was controlled by traffic lights. The defendant was operating his vehicle in an easterly direction on Pine Street. A collision occurred in the intersection. Fifteenth Street is one-way south and Pine is one-way east. Both streets are about three lanes wide. One of the most important questions, of course, was the color of the traffic light. Both drivers claimed a green light. However, there was one disinterested witness. That witness was a passenger in a car going east on Pine but which was stopped at the intersection in question for a red light against Pine Street traffic. He testified as follows on cross-examination: "A. The light was still green after the impact. . . . Q. Green for whom? A. Green for moving south on Fifteenth Street—red for moving east on Pine Street." And later on cross-examination: "A. As I was getting out of my car, I told you that the light for Fifteenth Street moving south was still green. The light was red against us. Now whether it changed im-

mediately after I got out of the car, I do not know. But I do remember seeing that light as being red against us." And still later: "Q. Am I correct in understanding that the last time you saw the light *prior* to the impact was before the black sedan started to move? A. I said we had come to a stop because the light was red against us. When the black sedan pulled up alongside of us a fraction of a second after we had stopped, the light was still red against us and against the black sedan. Now what was the other part? Q. Am I correct in understanding that the last time you saw the light *prior* to the impact was before the black sedan started to move? A. I would say I have to answer yes to that." (Emphasis added)

It was clear to the court below that the light was red for the defendant under the foregoing testimony and that the jury capriciously disregarded that witness' testimony; thus, the verdicts were against the weight of the evidence.

In addition, the trial judge stated: "There is one other feature in this case which troubles the trial judge, viz.: in charging the jury, when he discussed weight of credible testimony as affected by the numbers of witnesses, his explanation [when he said in juxtaposition: 'There may be situations where one witness can outweigh three or four or five, dependent upon varied circumstances; the opportunity of those witnesses to see, did they observe the entire situation, did they only see part of it? You see it is the weight of the testimony rather than the numbers'] may have depreciated in the minds of the jury their evaluation of the testimony of the witness Jenks. Jenks did not see the entire occurrence. Jenks saw only a part of it. And his positive testimony was only as to a part."

The court below felt that justice would be served by the granting of a new trial and we agree.

Order affirmed.