Niklas *v.* Zarnick, Appellant.

Argued March 21, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*R. T. Mutzabaugh,* with him *Mutzabaugh & Mutz-
abaugh,* for appellant.

*Philip F. Jacobus,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 4, 1963:

This is an appeal from the order of the court below
granting a new trial in a trespass action involving

plaintiff-appellee, Joseph Niklas, and defendant-appellant, Edward Zarnick.

The evidence discloses that about 6:00 p.m., on February 3, 1961, appellee's truck became immoblized at the foot of a hill during the course of an unusually heavy snowstorm. Near the point where appellee stopped the highway curves to the right in the direction in which both he and appellant were traveling. There were high snowbanks on the shoulder of the road and appellee's truck was parked next to the shoulder in the right lane of the two-lane highway.

Appellee alighted from his truck and was attempting to start it when he noticed the diffused lights of a vehicle rounding the curve. As appellant's vehicle approached, appellee stood in the highway opposite the driver's side of his own vehicle and attempted to attract the attention of appellant by waving his arms. Appellant failed to see appellee until he was a car length from him at which time he applied his brakes in an effort to swerve around him. Appellant's vehicle struck the rear fender of appellee's truck causing it to swing around and hit appellee.

At trial, appellant moved for a compulsory nonsuit on the ground that appellee was contributorily negligent as a matter of law. The lower court denied this motion. At the close of argument, appellee requested five important points for charge which he later withdrew because of a misunderstanding.[1] The jury returned a verdict for appellant and appellee moved for a new trial reserving the right to file additional reasons within thirty days after transcription and filing of the record.

Within the thirty day period, appellee discovered evidence indicating that appellant gave false testimony on the nature and quality of his eyesight. Since the

---

[1] The record does not disclose the nature of this misunderstanding.

vision of appellant on the night of the accident was a crucial issue of fact, counsel for appellee then filed, as an additional reason for a new trial, this newly discovered evidence.

The lower court granted a new trial giving as its reasons the newly discovered evidence and the joint misunderstanding between it and appellee's counsel which resulted in the withdrawal of the aforementioned points for charge. The court concluded by stating that: "Taking everything into consideration, in order to be fair to plaintiff, he should be entitled to a new trial."

Appellant contends that appellee was contributorily negligent as a matter of law and therefore the newly discovered evidence would not affect the result of this case. In the alternative, he argues that the newly discovered evidence doctrine is not applicable to the facts of the instant case. We reject the first contention and are not required to answer the second.

On the first question, we have stated on many occasions that contributory negligence as a matter of law should be declared only in a very clear case where there is no room for reasonable men to differ. *Sweigart v. Mazer,* 410 Pa. 71, 188 A. 2d 472 (1963). In the instant case, appellee could not stand on the shoulder of the road to summon the aid of oncoming motorists because of the high snowbank. Furthermore, since appellee's rear lights were either out or greatly dimmed[2] it would not have been wise to sit in the stalled car and wait to be hit. Confronted with these alternatives, appellee chose to stand by his vehicle to summon help. Unfortunately for appellee events proved that this was not a safe course either. But it was not for the trial judge, nor is it for us, to say that appellee was contributorily negligent as a matter of law. This ques-

---

[2] The evidence is confusing on this point.

tion is one about which reasonable men could differ and therefore it was properly submitted to the jury.[3]

We do not reach the question of newly discovered evidence because we affirm the second ground given by the court below relating to the joint misunderstanding which caused the withdrawal of several important points for charge. Since the lower court felt partly responsible for this misunderstanding, it exercised its inherent power to grant a new trial in the interests of justice. See *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857 (1951). In considering its action, our scope of review is limited by the familiar rule that the grant of a new trial will not be reversed "unless a palpable abuse of discretion clearly appears or unless an erroneous rule of law, which under the circumstances necessarily controlled the outcome of the case, is certified by the court below as the sole reason for its action or, without such certification, the court's opinion clearly indicates this to be the case." *Geelen v. Pennsylvania Railroad Company,* 400 Pa. 240, 244, 161 A. 2d 595, 598 (1960). See also *Jess v. McMurray,* 394 Pa. 526, 147 A. 2d 420 (1959).

Since the lower court's holding on the ground of newly discovered evidence did not "necessarily [control] the outcome of the case," we cannot say that it committed a "palpable abuse of discretion" by granting a new trial in order to rectify a misunderstanding between court and counsel.[4] We therefore affirm the order of the court below.

Mr. Chief Justice BELL dissents.

---

[3] Since the jury returned a general verdict for appellant, it is not possible to ascertain the basis of their decision, and it would be pure speculation to infer that they found appellee contributorily negligent.

[4] Although the lower court placed more emphasis upon the newly discovered evidence, since it gave a second ground it is not for us to guess what it would have done had the second ground been its only reason.