Davidson *v.* Eagal, Appellant.

540

Argued March 22, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William C. Robinson,* with him *Henninger & Robinson,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1963:

On September 29, 1958, a collision occurred between motor vehicles operated by these parties. Each filed an action of trespass against the other and the cases were consolidated for trial. The jury trial resulted in verdicts for each defendant in his respective case.

Eagal moved for a new trial in the case in which he was plaintiff. Davidson made no post trial motions and, in due course, judgment was entered on the jury's verdict for Eagal in the case in which Davidson was plaintiff. The court below granted Eagal's motion for a new trial in the Eagal v. Davidson matter and also, on its own motion, granted a new trial in the Davidson v. Eagal case. Eagal appeals from the latter action of the court below.

We will not reverse the grant of a new trial unless there was a clear abuse of discretion or an error of law which controlled the outcome of the case. *F. C. Haab Co., Inc. v. Peltz Street Terminal, Inc.*, 407 Pa. 276, 180 A. 2d 35 (1962); *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 175 A. 2d 864 (1961); *Segriff v. Johnston*, 402 Pa. 109, 166 A. 2d 496 (1960). In order to determine whether the court below abused its discretion, we must examine its opinion which sets forth the reasons for its action. *McArthur v. Balas*, 402 Pa. 116, 166 A. 2d 640 (1961).

The court below assigned only one reason for the granting of Eagal's motion for a new trial. That reason was that as the court summarized the contentions of the parties in its charge, it appeared that the court was finding the facts for the jury. The sole basis for the award of a new trial to Eagal as plaintiff is contained in the following excerpt from the opinion below:

"It is the practice of this Court in charging juries to set forth for them as clearly and fairly as possible the respective contentions of each party in interest that juries may fully understand the issues involved and to be decided. All this we attempted to do in the consolidated trials of these two cases.

"We commenced our charge in the following language: 'The first case is the case of John Robert Davidson versus John L. Eagal, which is an action of tres-

pass and was filed in behalf of the plaintiff, John Robert Davidson, to recover from the defendant, John L. Eagal, a verdict in dollars and cents based on a claim of Mr. Davidson.'

"Page 119 of the record discloses that said claim is set forth in the following paragraph, the same being the version of the accident or contention of John Robert Davidson. As recorded, it would appear that the Court was making findings of fact as to the way and manner in which the accident complained of occurred, placing the blame, therefore, upon John L. Eagal, and exonerating Davidson of all liability.

"Neither this nor any other court would deliberately or intentionally usurp the functions of the jury as a fact finding body and certainly it was not so intended in this case.

"Lacking is the missing link, the one single little word 'that', making one paragraph out of the two paragraphs as reported so that the above quoted paragraph would end: 'based on a claim of Mr. Davidson' that (continuing the same paragraph) 'on September 29, 1957, about eleven-fifty p.m. o'clock while he was operating a motor vehicle in a southerly direction on Highway Route Number 8 . . . the defendant, John L. Eagal, suddenly and without notice backed his car out of a private driveway . . . and that Mr. Davidson, the plaintiff, was unable to avoid the accident . . .'.

"This little missing word makes all the difference in this case. With it the following recital of facts were merely contentions of one of the parties. Without it they became facts found by the Court, improperly."

The court then goes on to say: "For this reason we are compelled to conclude that the charge of the Court was in error and it is immaterial to speculate whether the use of the word 'that', missing from the record, thus changing the 'facts found' to contention of a litigant would have affected the verdict in any way.

"We must thus grant the Motion for New Trial in the case of Eagal versus Davidson and since the case was consolidated and tried together with the case of Davidson versus Eagal, the Court must, on its own motion, grant a new trial in the latter case as well."

The error in the charge was prejudicial, if at all, only to Eagal and Davidson was in no way harmed thereby. The fact that the two actions were consolidated and tried together is insufficient reason for granting an unasked for new trial in the Davidson v. Eagal suit, where the record is free from error affecting the outcome of that suit. Hence, we conclude that the court below abused its discretion in granting a new trial in the Davidson v. Eagal action. This is the only case which is before us on the present appeal.

The order of the court below granting a new trial in Davidson v. Eagal is reversed.