Harger *v.* Caputo, Appellant.

Argued October 8, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 14, 1966.

*Kim Darragh,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for defendant.

*Harold Gondelman,* with him *Herbert Jacobson,* and *Jacobson & Gondelman,* for additional defendant.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

These two appeals arise from the same case. Florence C. MacDonald (decedent), Helen Harger (passenger), and decedent's brother, John F. Clarke, Jr., were riding in decedent's automobile, the brother driving the

decedent's car as her agent. They were involved in a collision with a car driven by Robert Caputo, which collision resulted in decedent's fatal injuries. Decedent's estate and passenger sued Caputo and Caputo impleaded Clarke as an additional defendant. These actions were settled immediately before trial and Caputo was directed to proceed in the same action against Clarke as a joint tortfeasor for contribution.

At this trial, which was on the issue of liability alone, Caputo argued that Clarke had his high beams on and that the lights from Clarke's car blinded him. The evidence indicated that Caputo was on a familiar road, that he dozed off, drifted to the left, awakened and attempted to pull to the right and, in doing so, hit Clarke's automobile. Statements made by Caputo after the accident tended to support this inference, for it was testified that he twice said: "I must have fallen asleep." Additionally, the evidence showed that Caputo had been awake for a period of twenty hours prior to the accident and had worked a full day within that period. Further, on examination at the trial, Caputo's chronological recollection of the day of the accident was very weak, and there were numerous other inconsistencies in his testimony. The jury, however, found that the additional defendant was contributorily negligent. On motion by the additional defendant, the trial judge granted a new trial, but refused a request for judgment non obstante veredicto. Cross-appeals were taken from these rulings.

With regard to the new trial, appellant Caputo raises two questions: (1) was there error in the grant of a new trial, and (2) on the issue of contribution in a "last ditch conciliation" is there a presumption of reasonableness in the amount of the settlement.

With regard to the judgment n.o.v., appellant Clarke also raises two issues: (3) Caputo had a defense of contributory negligence against decedent by way of

agency, so in settling he was a volunteer to whom there is no duty to make contribution and (4) Caputo's evidence negatived his negligence and, if believed, also made him a volunteer with no right to contribution.

An additional issue is: (5) who should bear the cost of the record where cross-appeals are taken.

1. There was no error in the grant of the new trial. The facts showed a serious conflict in Caputo's evidence. The trial judge stated that he did not think Clarke was negligent and that if Clarke were negligent, such negligence was not a causative factor in the collision. In granting the new trial, the court stated: ". . . that the verdict was utterly capricious, was against the weight of all the credible evidence, was shocking to the court's sense of justice, and if allowed to stand will result in a miscarriage of justice." Although a new trial will not be granted because of a mere conflict in testimony or because the trial judge on the facts would have arrived at a different conclusion, *Decker v. Kulesza,* 369 Pa. 259, 85 A. 2d 413 (1952), this Court has refused to reverse a grant of a new trial unless there is an abuse of discretion or error of law. The abuse of discretion required to reverse such action by the trial court has been termed variously as "clear", *Hay v. Baltimore & Ohio Railroad Co.,* 415 Pa. 190, 202 A. 2d 824 (1964); "palpable", *Niklas v. Zarnick,* 411 Pa. 205, 191 A. 2d 414 (1963); "capricious", *Hancock v. Moore,* 404 Pa. 47, 171 A. 2d 182 (1961); and "manifest", *McArthur v. Balas,* 402 Pa. 116, 166 A. 2d 640 (1961). There is a heavy burden imposed on appellant, and in looking to the record and the opinion of the lower court as this Court must do, *Davidson v. Eagal,* 411 Pa. 539, 192 A. 2d 417 (1963); *Baker v. Commonwealth of Pennsylvania, Department of Highways,* 401 Pa. 512, 165 A. 2d 243 (1960), it is apparent that the trial court has not abused its discretion in granting the request for a new trial.

2. The trial below was only on the issue of liability for contribution, and the issue of reasonableness of the settlement was not determined. Caputo, however, seeks a ruling that there is a presumption of reasonableness attaching to a settlement which is achieved during "last ditch conciliation" immediately before trial. Clarke asserts that the request is premature, and we agree. On retrial Clarke may be successful, and the issue of reasonableness of the settlement will then not arise. Since the case must be sent back for another trial we should not consider questions which may not arise unless exceptional circumstances exist or questions of great public importance are involved. The issue here is potentially mooted and the court will not consider mooted issues, *Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co.*, 407 Pa. 230, 180 A. 2d 1 (1962), except for the circumstances noted but not here present.

3. Appellant Clarke argues that in settling Caputo was a volunteer since he had available a defense of contributory negligence against the decedent imputed from the agent's (Clarke's) alleged negligence. The argument, however, is faulty.

Clarke's argument is that the suit for contribution is inconsistent with the settlement. This Court decided in *Swartz v. Sunderland*, 403 Pa. 222, 169 A. 2d 289 (1961), that the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, §1 et seq., 12 P.S. §2082 et seq., permits a suit over where the party suing for contribution obtained a release of the parties by way of settlement. Implicit in that holding is the recognition that a settlement may be an effort to avoid the vicissitudes of trial. The logical outcome of appellant Clarke's argument, as was recognized below, is to force the original defendant onto the horns of a dilemma—to risk a large verdict or lose all right to con-

tribution. This dilemma is what distinguishes Caputo from a volunteer.

4. Clarke also claims that Caputo's evidence negatived a finding that the two could have been jointly negligent. Caputo's evidence was that additional defendant Clarke's headlights were on high beam and blinded him. However, Caputo's action of swerving into the left lane, even though blinded, could be deemed negligence by a jury since Caputo failed to go onto the wide right shoulder of a road with which the evidence showed him familiar. Thus, the evidence did not preclude a finding of joint negligence.

5. With regard to who shall bear the cost of the paper books, the Act of April 15, 1907, P. L. 83, §1, 12 P.S. §1193 is as applicable when cross-appeals are taken as in other appeals. That section includes in costs the cost of the paper books and makes them taxable as costs to the losing party. Therefore, since this Court is affirming the grant of a new trial, costs must abide the event.

Since this case will go back for a new trial, we believe that there should be a correction of a procedural defect which occurred as a result of the settlement proceedings. In *Swartz v. Sunderland,* this Court characterized a suit under the Uniform Contribution Among Tortfeasors Act as an action in assumpsit. However, this case as an extension of the original actions was plead in trespass. There is no reason why, after settlement, contribution cannot be litigated in the same action. Under our rules of procedure a party by consent of the adverse party or by leave of court may at any time change the form of action and aver transactions happening after the original pleading. The pleadings here should have been amended to conform to the proof, and this should be done prior to the new trial. At the trial of the cause the parties shall also litigate the reasonableness of the settlement.

534

Order granting new trial and refusing judgment n.o.v. affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS concur in the result.