## Kramer's Motor Service v. Penn Central Railroad

*Michael P. Laucks* and *Liverant, Sanft & Cohen,* for plaintiff.

*Robert J. Brown* and *Kain, Brown & Roberts,* for defendant.

SHADLE, J., October 19, 1971.—Plaintiff brought two separate actions in assumpsit against defendant. Plaintiff alleged that in an accident involving defendant's train and a truck-tractor of plaintiff which was pulling a trailer owned by Branch Motor Express Company loaded with merchandise owned by P. H. Gladfelter Company, the trailer and merchandise were damaged. Plaintiff further alleged that it settled the claims of both damaged parties, taking from them releases which discharged both plaintiff and defendant from liability to such claimants. Plaintiff claims that defendant was solely [sic] or jointly liable for the damages, and seeks to recover from defendant one-half the amount paid by plaintiff to each claimant in settlement. Defendant answered that such settlements and releases constituted "an accord

and satisfaction and . . . extinguished and released all rights as among (all) the parties. . . ."

At a pretrial conference, it was agreed that plaintiff had no cause of action if defendant's contention was legally correct. Both counsel, therefore, agreed to submit the issue to the court as though defendant had filed a motion for judgment on the pleadings on this ground. The case was submitted on briefs of both parties.

In each complaint, plaintiff alleges that defendant's train was being operated "in a careless and negligent manner" which resulted in the collision and ensuing damage. The releases assert that plaintiff contends that the negligence of defendant was "a proximate cause of the accident and ensuing damage." However, plaintiff neither avers nor makes reference to any negligence on its part. The releases by their terms discharge plaintiff, defendant and all other persons from all claims, but recite that plaintiff retains a cause of action against the other released parties for contribution.

Defendant first argues that plaintiff has not alleged that both parties were joint torfeasors so as to entitle it to contribution under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, et seq., and that, in the absence of such an allegation, there is no right of contribution.

This contention of defendant is correct. "In an action for contribution between negligent tortfeasors brought by one of the tortfeasors after settling the claim against them, it is necessary to plead the happening of the accident and the injuries sustained, the negligence of the defendant, and the reasonableness of the sum paid in settlement of the claim. Furthermore, it has been held that in such an action between tort-

feasors, the plaintiff must, in order to establish the common liability, allege facts constituting a cause of action on the part of the injured person, not only as against the party from whom contribution is sought, but also as against the contribution plaintiff himself": 18 Am. Jur. (2d), Contribution, sec. 102.

Defendant further contends that plaintiff could not, in fact, have been a joint tortfeasor because as to the owner of the merchandise being transported, plaintiff was a common carrier whose liability for cargo is based on contract, not tort, and as to the owner of the trailer being towed, plaintiff "in all probability" was a bailee whose liability for the bailed property likewise is based on contract, not tort.

This argument is not well founded. In the first place, the pleadings do not disclose that plaintiff, in fact, was either a common carrier or a bailee. Even if it was, the availability to a shipper of a contract action against a carrier for damaged goods does not eliminate the right to bring a tort action against the transporter for damage caused by negligence: Eckert v. Penn Railroad Co., 211 Pa. 267 (1905). Presumably, the same is true with respect to a bailee. Compare Puller v. Puller, 380 Pa. 219 (1955), wherein it is said that the right of contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done."

Finally, defendant argues that plaintiff must *prove* its own liability to the injured party as a condition to the recovery of contribution. While this contention has no place in an argument based upon the pleadings, it is, in fact, correct. In a suit for contribution among joint tortfeasors, the claimant must not only establish the fact that both parties were, in fact, joint tortfeasors, but the reasonableness of the amount for which the

724

claim of the injured party was settled: Swartz v. Sunderland, 403 Pa. 222 (1961); Harger v. Caputo, 420 Pa. 528 (1966).

We conclude, therefore, that plaintiff failed to plead, as it should have, that its own negligence contributed jointly with that of defendant in damaging the parties with whom it settled. While defendant would be entitled to judgment on the pleadings on that ground, plaintiff undoubtedly would have the right to amend to cure the deficiency. Since two complaints in two separate actions are involved, this can most expeditiously be done in a subsequent pretrial conference order. Both cases thereupon will be consolidated for trial before a board of arbitrators upon the issues of liability of both parties to the damaged persons and the amount of recovery, unless the parties elect to settle prior to trial.

## ORDER

And now, to wit, this October 19, 1971, defendant's motion for judgment on the pleadings in both actions is granted, with leave, however, to plaintiff to amend its complaints in accordance with this opinion.