## Hoffmeier v. Dillon

*David L. Gropp*, for plaintiffs.

*Rex Downie, Jr.*, for defendants.

KLEIN, J., July 9, 1974.—

### STATEMENT OF PROCEEDINGS

Subsequent to appeal to the Superior Court, counsel for plaintiffs filed a bill of costs for paperbook costs. The item now in issue is:

40 Briefs and Records
Appellant No. 223 April Term
1973 . . . . . . . . . . . . . . . . . . . . . . . . . . $272.07

In February, 1973, defendants filed an appeal to the Superior Court re denial of motion for new trial.

On March 2, 1973, plaintiffs filed a cross-appeal re

denial of motion to vacate order of October 18, 1972 (refusal to dismiss motion for new trial due to late filing.)

The Superior Court affirmed both orders of this court. In the underlying actions, the jury rendered a verdict in favor of plaintiffs, and also rendered a verdict for defendants in their counterclaim.

Plaintiffs did not contest either verdict on appeal. The cross-appeal was purely defensive in nature, that the lower court should have dismissed defendants' motion because it was not timely filed, i. e., one-day late under the law and rules.

As we read the cases cited by both parties and as conceded by plaintiffs, none of them is on "all-fours" with the instant facts. Consequently, we must seek to apply what logic impels us toward the goal of a just decision.

Since plaintiffs' cross-appeal did not involve contesting either verdict or the trial procedure, etc., we deem that an injustice would result if plaintiffs were to absorb such costs. It is apparent that this "cross-appeal" would never have been filed if defendants had not sought a new trial.

Harger v. Caputo, 420 Pa. 528 (1966), which involved a cross-appeal is inapposite because the cross-appeal therein was based upon refusal of a request for judgment n.o.v. by an additional defendant; original defendant had filed the initial appeal.

For these reasons, we make the following

## ORDER

And now, July 9, 1974, it is ordered, adjudged and decreed that plaintiffs are entitled to the paperbook costs of $272.07 for 40 records and briefs and the prothonotary is directed to payover unto plaintiffs said amount, $272.07.