## Rosenthal *v.* Carson, Appellant.

Argued October 8, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES and HIRT, JJ.

*Earle Hepburn,* for appellant.

*Sylvan M. Cohen,* with him *Albert M. Cohen,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

On June 15, 1940, Martin Rosenthal was driving upon his own business, a Chrysler Sedan automobile

(the certificate of title to which was issued and regis-. tered in the name of his wife, Bertha C. Rosenthal) north on Torresdale Avenue in the City of Philadelphia; at the same time Charles A. Carson was driving his automobile west on Church Street, east of its intersection with Torresdale Avenue. A right angle collision between these cars occurred in the intersection; no personal injuries were sustained but each car was damaged; the cost of completely repairing the Rosenthal car was $188.20, and the repairs to the Carson car cost $139.75.

Two actions of trespass were brought in the Municipal Court of Philadelphia County; the first at No. 293 August Term, 1940, by Bertha C. Rosenthal against Carson, and the second at No. 499 October Term, 1940, by Carson against Martin Rosenthal. By agreement the cases were tried together before JONES, J., sitting without a jury; in the first case, the trial judge made a finding for the plaintiff, Bertha C. Rosenthal, against Carson in the sum of $188.20, and in the second entered a finding in favor of Martin Rosenthal, the defendant therein.

No appeal was taken by Carson in the case at No. 499 October Term, 1940, wherein he was denied any recovery against Martin Rosenthal. In the case at No. 293 August Term, 1940, however, in which Bertha C. Rosenthal was awarded $188.20 (the agreed upon cost of the repairs to the Chrysler sedan) against Carson, the latter moved for judgment in his favor, notwithstanding the finding, and upon the denial thereof by the court in banc appealed to this court from the judgment entered against him on the finding. We are here concerned only with the issues arising under the pleadings and the evidence in the case of Bertha C. Rosenthal, plaintiff below and appellee herein, against Charles A. Carson, defendant below and appellant herein.

In her statement of claim Bertha C. Rosenthal averred that on the day of the accident "she did lend

her motor vehicle" to her husband who was operating it "for his own pleasure and enjoyment." After describing the collision, asserting it was caused by appellant's negligence, and itemizing the damages to "her" car, she alleged "that in order to effect the necessary repairs and replacements *she was compelled* to expend the sum of $183.20" and pay a towing charge of $5. (Italics supplied.) Appellant filed an affidavit of defense, denying any negligence upon his part, averring that appellee's husband was the real owner of the Chrysler car, and charging the collision was caused by his negligence.

Appellee's testimony not only failed to support, but actually contradicted, several of the material averments of her statement. She testified her husband bought the car with his own money but had the certificate of title issued in her name; that it was kept in a garage across the street, rented and paid for by her husband; that he used the car "when he pleased" and she also drove it; and that her husband had not asked her permission to use the car on the day of the accident. Although she had positively averred in her statement, verified by her affidavit, that "she was compelled to expend" $188.20 for having the car repaired, her testimony on that subject reads: "Q. After the car was damaged in this accident who took the car over to have it repaired at the repair shop? A. I didn't take it over, my husband got the car. Q. Who ordered the repairs to be done, if you know? A. I do not know. Q. Did you ever receive a bill for the repairs? A. My husband took care of all that. Q. He had the car repaired and paid for the repairs? A. I think he did. Q. Whether or not the car was repaired in the repair shop of William T. Jones you don't know? A. No I don't. Q. You don't know what amount was paid or anything about that? A. No. Q. Your husband knows about that? A. Yes."

An excerpt from the testimony of appellee's husband reads: "Q. You took your car over to Jones' repair shop and ordered it to be repaired? A. Yes, sir. Q. In other words you had the car repaired, you paid this bill for repairs to the car? A. That is right."

No question seems to have been raised at the trial relative to the effect of these variances nor was the bona fides of the alleged bailment attacked. The sufficiency of the evidence to sustain a finding that appellant was guilty of negligence is not now questioned. Appellant's counsel thus states the only question he raises upon this appeal: "If a bailor loans her automobile to a bailee and while in the possession of and being driven by the bailee the automobile is damaged and the bailee fully repairs the automobile, does the bailor have a right of action against a third party who is alleged to have caused the damage so as to recover from the third party the amount paid by the bailee for the cost of repairs?" He has a right to present his client's cause to us in the way he deems best, but we are not to be understood as agreeing with the court below that a bona fide common law bailment was shown in this case. For present purposes, however, we assume that Martin Rosenthal was a bailee of the automobile.

Throughout his brief, counsel for appellant concedes that Martin Rosenthal, as the bailee, could have brought an action of trespass against appellant for the amount he paid to have the car repaired, but contends that, under the rather unusual facts here present (which distinguish this case from those relied upon below), and particularly as the car was returned to the appellee-bailor in the condition in which the bailee received it and without the slightest expense to her, *she* has no right of action against appellant. Her suit was solely for the cost of repairing the car; no depreciation in its market value was pleaded. Nor did the bailor and bailee here involved have separate and measurable interests in the chattel as did the bailor and bailee in

*Gen. M. Accept. Corp. v. B. & O. R. R. Co.,* 97 Pa. Superior Ct. 93, cited below,—a case in which an automobile was destroyed through the negligence of the defendant railroad company while it was in the possession of a bailee under a bailment lease and when the bailee had paid a number, but not all, of the monthly payments specified in the lease. Further, this is not a case in which the appellant sought to escape liability for his tort upon the ground that appellee had been reimbursed from a collateral source; he admitted that Martin Rosenthal has a right to sue him.

Appellee sued upon the theory of an injury to her property right in the car which injury damaged her to the extent of the cost of repairing it. Injury and damage were distinct elements in her case as pleaded and in order to recover she had the burden of proving both. "As a general rule, to constitute a valid cause of action there must be both an injury and damage, as the law recognizes, according to some decisions, that as there may be damage without legal injury, ...... so there may be legal injury without damage, as expressed by the maxim, Injuria absque damno, or Injuria sine damno, and accordingly that just as damage without injury does not constitute a cause of action, ...... so also an action cannot be maintained for an injury without damage": 1 C. J. Sec. p. 1011, Sec. 15(c). See also *Premier Malt Products Co. v. Kasser,* 23 F (2d) 98.

When these general principles are applied to the evidence in this case it seems clear that appellee, having failed to prove that she paid any part of the cost of repairing the car, was not entitled to the finding made in her favor by the trial judge—at most she could recover nothing more than mere nominal damages for the technical invasion of her right of property in the car, and even this is doubtful under the facts appearing from this record: *Premier Malt Products Co. v. Kasser,* supra. The assignments to the denial of appellant's

motion for judgment in his favor and to the entering of judgment upon the finding are sustained.

Judgment reversed and here entered for appellant.