Commercial Banking Corp., Appellant, *v.* Philadelphia Transportation Co.

Argued October 15, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*J. Webster Jones,* with him *Harvey Geiger,* for appellant.

*H. Rook Goshorn,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY HIRT, J., January 8, 1948:

In the course of its business of financing the purchase of automobiles, plaintiff, on September 10, 1945, leased a Pontiac Sedan to Howard Mallard which he had contracted to purchase. The written bailment con-

tract required him to pay a stated sum in monthly installments, and provided for the purchase of the car by Mallard for the additional sum of $1.00 upon full performance of its terms. Title to the automobile was registered in the name of Howard Mallard under the Pennsylvania Motor Vehicle Law, with a notation of an encumbrance thereon in favor of plaintiff. On December 16, 1945, Mallard was driving the automobile southwardly on a public street in Philadelphia. A trolley car of the defendant transportation company, then approaching from the rear, struck the automobile causing damage which cost $201.15 to repair. As required by the lease, Mallard had taken out insurance covering damages to the car from collision as well as from fire or theft. By the terms of the policy the insurer's liability was limited to 80% of the loss. The insurer, Commonwealth Mutual Insurance Company, paid the mechanic who made the repairs, 80% of $201.15, and Mallard paid the balance. Plaintiff was not affected financially, or otherwise, by the damage to the car. Mallard continued to make all payments to plaintiff thereafter, as they came due, and on the full performance of all commitments to plaintiff, became the owner of the car, freed of all encumbrances, under the option-to-purchase provision of the lease.

Plaintiff brought this action on July 23, 1946, *after* Mallard had completed all payments required by the bailment contract and *after* plaintiff had released to him its entire interest in the automobile. In this suit plaintiff sought to recover the full amount of the repair bill of $201.15 although it had paid no part of it. The case was tried by Judge JONES of the lower court without a jury. Passing the question of defendant's negligence in the operation of its trolley car, the trial judge found that plaintiff was not entitled to recover for the reason that it had not been damaged. On admitted facts, it is patently obvious that the lower court was right;

the judgment entered in favor of the defendant will be affirmed.

The theory, as stated at the argument, which prompted appellant's counsel to bring the action, is this: He represents the Commonwealth Insurance Company, and he sued, nominally in the name of plaintiff, but actually in the interest of the insurance company, on an alleged right by subrogation, to recover the amount of the repair bill. The fact that the insurance company paid only 80% of it, was ignored. It was stated that the action was thus brought to conceal from the jury, or other trier of facts, the alleged highly prejudicial fact that the interests of an insurance company were involved. That the action was not brought in the name of Mallard, the bailee, suggests that something more than the advantage of this mild deception may have been in contemplation.

The relation between plaintiff and Mallard was that of bailor and bailee. The bailee undoubtedly had a right of action, for himself and on behalf of the insurance company which paid part of the loss. But in such action the plaintiff would have been met by the defense of contributory negligence which if established would have barred not only the bailee, but recovery on behalf of the insurer as well. On the other hand, in an action in trespass brought by a bailor to recover damage to the thing bailed, caused by the negligent act of a third party, the contributory negligence of the bailee is no defense unless the bailee, at the time, was acting as the agent or servant of the bailor. *Gen. M. Accept. Corp. v. B. & O. R. R. Co.*, 97 Pa. Superior Ct. 93. Any recovery by this plaintiff would be as trustee for the bailee and his insurance carrier (Cf. *Manley v. Montgomery Bus Co., Inc.*, 82 Pa. Superior Ct. 530; *National Bond & Invest. Co. v. Gill*, 123 Pa. Superior Ct. 341, 345, 187 A. 75) but in the absence of actual damage to the bailor, to permit recovery in an action which bars the defense of contributory negligence would be most unfair.

162

Nevertheless, plaintiff contends that it properly brought this action in its name alone, but actually on behalf of the insurer, under Civil Procedural Rule 2002. Subdivision (d) of the rule in effect provides that a real party in interest seeking to enforce rights by subrogation need not appear as a party plaintiff in an action brought on its behalf. We need not comment on the scope of the rule except to note that it in no way conflicts with a finding for the defendant under the facts in this case. It has no application here. A different situation might have been presented by a suit in the name of the bailee for himself, and on behalf of his insurer. Cf. Goodrich-Amram, 2002(d), comment p. 50.

It is fundamental that a bailor's right to recover is predicated on damages done to his interest. 6 Am. Jur., Bailments, §306, *Rosenthal v. Carson,* 149 Pa. Superior Ct. 428, 27 A. 2d 499. "A bailor's right to recover is confined to the damage he has sustained to his reversionary interest, but if it has not been affected he suffers no loss": *Juniata Accep. Corp. v. Hoffman,* 139 Pa. Superior Ct. 87, 89, 11 A. 2d 494. On the admitted fact that plaintiff did not suffer any damage to its reversionary interest it is not entitled to recover in this case.

Judgment affirmed.