## Koch v. Miller

*John C. Sullivan* of *Nissley, Cleckner & Fearon,* for plaintiff.

*Thomas C. Zerbe,* for defendant.

KREIDER, J., July 31, 1961.—Defendant, Samuel T. Miller, Jr., has filed preliminary objections to the amended complaint of plaintiff, John Koch, doing business as Central State Supply Company. Plaintiff is the operator of several downtown parking lots in the City of Harrisburg, Pa. On July 2, 1959, one of plaintiff's customers, Samuel A. Burns 2nd, left his automobile in the custody of plaintiff. On that day, plaintiff ordered one of his employes to drive the car to another parking lot and, while so doing, the employe was involved in a collision with defendant's car. Plaintiff alleged the collision was due solely to the negligence of defendant; that defendant, without warning, negligently drove his car out of a parking lot situated on the north side of Chestnut Street and across the sidewalk into the north lane of Chestnut Street where it struck the right side of the Burns car which was being driven in a westwardly direction by plaintiff's employe.

The amended complaint alleged that in fulfilling his contractual obligation to the owner of the vehicle, plaintiff paid for the repairs in the amount of $488.66 and received in return from the owner an undated writing entitled "Satisfaction and Article of Sub-rogation' in which he "assigned, set over and sub-rogated the plaintiff to all claims which he might have against the defendant." This writing is attached to the amended complaint and is marked exhibit "B".

Defendant's preliminary objections in the nature of a demurrer aver that the amended complaint (1) Fails to set forth facts sufficient to give plaintiff any standing to bring suit, as the facts fail to show damage to him or injury to his interests; (2) fails to show

a valid subrogation; (3) fails to show that the attached subrogation agreement existed at the time of the commencement of the action; (4) by necessary implication, admits plaintiff's negligence.

We think the controlling question in this case is whether plaintiff's amended complaint sets forth facts sufficient to give him standing to bring this suit, or whether he acted as a mere volunteer in paying for the damages to the bailor's car and, therefore, is not entitled to recover. In P. L. Encyc. vol. 5, p. 133, Bailment, §37, entitled, Actions by or Against Third Persons, it is stated: "The bailor and the bailee may each sue for the damage to or the loss of a bailed chattel." Section 38 states: ". . . A bailee may recover the full amount of the damage, but will be liable over to the bailor for any recovery in excess of the bailee's interest."

In 6 Am. Jur., pp. 400-01, Bailments, §302, bailee's right of recovery from third person is thus set forth:

"In all classes of bailments, whether for mutual benefit or for either the bailee's or the bailor's sole benefit, the law now seems to be well settled that a bailee in possession of personal property may recover compensation for any conversion of, or any injury to, the article bailed while in his possession. . . . The general rule is that he is not limited to recovery of the value of his special interest, but may recover the full measure of damage or the value of the property.

". . . in such an action the same defenses ordinarily will prevail as would apply in the case of an owner. Thus, where an action is brought by a bailee against a third person for injuries to the property, the third person may defend in the action on the ground of contributory negligence on the part of the bailee, his servants, or agents. Moreover, a prior recovery of full damages from the same party in an

action brought by the bailor or general owner for the same cause is a complete defense. . . ."

In Panama Canal Co. v. Stockard & Co., 391 Pa. 374 (1958), Mr. Justice Cohen, in speaking for the court, said (p. 385) :

"It is well-settled that a bailee may recover to the extent of his special interest for the loss of a chattel occasioned by a third person." (Citing cases.)

Defendant in the instant case contends, however, that plaintiff was a mere volunteer and, therefore, is not entitled to bring this action, citing Johnson v. Donat, 65 Montg. 8 (1948). There it was held that where plaintiff left his automobile at a tire dealer's shop for the installation of tires, and the dealer's employe, while driving plaintiff's car back to the shop, after attempting unsuccessfully to deliver it to plaintiff at his home, was in a collision with defendant's car, and where it appeared that the tire dealer had the car repaired without expense to plaintiff, plaintiff, though technically a bailor, had suffered no damage to his reversionary interest and was not entitled to recover. In support of its conclusion that plaintiff was a volunteer, the court said (p. 9) :

"At the time of the accident Goodyear was the bailee and Johnson was the bailor. Some of the cases hold that in such an event both the bailor and bailee might bring suit against a third party negligently damaging the bailed automobile: Juniata Acceptance Corporation v. Hoffman, 139 Pa. Super. 87 (1939) ; General Motors Acceptance Corp. v. Baltimore & Ohio Railroad, 97 Pa. Super. 93 (1929). However, most of that type of cases arise where the bailee has possession of the automobile under a bailment lease. In the present case, however, while Goodyear may have been technically a bailee, Goodyear had no interest or right in the automobile whatever and was what might be called *a dry bailee,* with no right but only the duty to return

the car to Johnson after the tires had been mounted. . . ." (Italics supplied.)

In the Johnson case, the court relied on the general principle that ". . . As a general rule there must be both injury and damage to make a good cause of action. In some actions there may be legal injury without damage but there can be no recovery in any case without actual damage to the plaintiff: Rosenthal v. Carson, 149 Pa. Super. 428 (1942). In the Rosenthal case the court said (page 432): 'Appellee having failed to prove that she paid any part of the cost of repairing the car, was not entitled to the finding made in her favor by the trial judge.'"

We think neither Johnson v. Donat nor Rosenthal v. Carson, 149 Pa. Superior Ct. 428, sustain defendant's contentions in the instant case. We believe plaintiff, Koch, was more than "a dry bailee." In the Rosenthal case plaintiff was the bailor, not the bailee. There, the bailor was the wife of the bailee. Her husband had purchased the automobile and placed the title in his wife's name. The car was kept in a garage which was rented and paid for by the husband of plaintiff; he used the car "when he pleased," and he had not asked her permission to use the car on the day of the accident. After the collision, the husband paid the repair bill and towing charges. *Nevertheless*, the wife plaintiff alleged in her statement of claim 'that in order to effect the necessary repairs and replacements *she was compelled to expend the sum of $183.20 and pay a towing charge of $5.*" (Italics by the Superior Court.) Judge Cunningham, who was the author of the appellate court's opinion, said (pp. 431-32):

"No question seems to have been raised at the trial relative to the effect of these variances nor was the bona fides of the alleged bailment attacked. . . . He (appellant's counsel) has a right to present his client's cause to us in the way he deems best, *but we are not*

*to be understood as agreeing with the court below that a bona fide common law bailment was shown in this case.* For present purposes, however, we assume that Martin Rosenthal was a bailee of the automobile. (Italics supplied.)

"Throughout his brief, counsel for appellant concedes that Martin Rosenthal, as the bailee, could have brought an action of trespass against appellant for the amount he paid to have the car repaired, but contends that, under the rather unusual facts here present (which distinguished this case from those relied upon below), and particularly as the car was returned to the appellee-bailor in the condition in which the bailee received it and without the slightest expense to her, *she* has no right of action against appellant. . . . (Italics by Superior Court.)

"Appellee sued upon the theory of an injury to her property right in the car which injury damaged her to the extent of the cost of repairing it. Injury and damage were distinct elements in her case as pleaded and in order to recover she had the burden of proving both. . . ."

The Superior Court held that since the wife-plaintiff had failed to prove she paid any part of the cost of repairing the car, she was not entitled to the finding made in her favor by the trial judge and, therefore, reversed the judgment entered in the lower court in her favor.

We believe the law as stated by President Judge Reese of Cumberland County in Stouffer v. Gephart, reported in 1 Lebanon 298 (1947), governs the case at bar. In disposing of a motion to strike off the complaint, that learned jurist said (p. 300):

". . . There are many situations where either one of two parties, as a real party in interest, may maintain an action against a given defendant, but a recovery by one is a bar to any recovery by the other.

This is true where, as in the present case, property in the possession of a bailee is damaged by the negligence of the third person. In such a case it has always been the law that an action can be maintained against the third person by either the bailee or the bailor: In Smyth v. Fidelity & Deposit Co. of Maryland, 125 Pa. Super. 597, 605, it is stated: 'There can be no doubt about the rule that a bailee in possession of personal property, is entitled, as against a third party, to recover the full value of the bailed property in case of its destruction or conversion by the third party, the bailee being liable over to the bailor for any damage recovered in excess of his interest.' In Juniata Acceptance Corp. v. Hoffman, 139 Pa. Super. 87, 91, the court said: 'Moreover, it is clear that a prior recovery by the bailee of full damages from the wrongdoer amounts, in law, to a complete satisfaction, so that the bailor may not thereafter recover from the same party for the same injury.' To the same effect is Gardner v. The Freystown Mutual Fire Insurance Co., 48 D. & C. 96, affirmed in 350 Pa. 1; and also, A. L. I. Restatement of Torts, Sec. 251.

"It therefore follows that the plaintiff herein, as bailee, is entitled to sue for the damage to the bailed truck, without joining the owner and bailor as a party plaintiff."

For the foregoing reasons, we are of the opinion that plaintiff is entitled to bring this action, and that this is so regardless of the alleged invalidity of the subrogation agreement. Consequently, the preliminary objections should be dismissed.

And now, July 31, 1961, defendant's preliminary objections to plaintiff's amended complaint are dismissed, and defendant is given leave to file an answer within the time allowed by law.