In the Matter of **WHEATLAND ELEC-TRIC PRODUCTS CO.**
In Bankruptcy.
No. 64-32.

United States District Court
W. D. Pennsylvania.

Dec. 9, 1964.

Tice F. Ryan, Jr., Pittsburgh, Pa., for Burroughs.

Bernard Goodman and Hillard Kreimer, Pittsburgh, Pa., for Trustee in Bank.

JOHN L. MILLER, District Judge.

Now before the Court is Burroughs Corporation's Petition for Review of Order filed by the Referee in Bankruptcy on July 22, 1964. Said Order, accompanied by Findings of Fact and Conclusions of Law, refused Burroughs'

Petition for Reclamation filed May 20, 1964.

Burroughs Corporation, on December 27, 1960, had leased to Wheatland Electric Products Company a Burroughs Style No. F-1503 machine for a term of one year and to continue on a month to month basis until terminated. In that lease, the list price of the machine was established at $8,025.00 and the monthly rental was set at $241.00. The lease contained a purchase option provision, granting Wheatland the right to purchase the machine at the list price at any time during the term of the lease or within thirty days after its termination and further providing that 75% of the rentals paid prior to the purchase date would be applied to the list price up to but not exceeding 75% of that price. On May 16, 1962, a new lease for the same equipment was entered into for one year at a monthly rental of $197.50. Also executed at that time was a purchase option rider, granting Wheatland the option to buy the equipment at the list price. That option was to be exercised within thirty-six months of the commencement of the original lease or to terminate automatically if not exercised. The termination date of said option was December 27, 1963. By the terms of the option rider, 75% of the rentals paid prior to its exercise were to be credited if exercised within one year of the original lease and 70% of the rentals were to be applied to the purchase price up to but not exceeding 75% of that price if exercised after one year from the date of the original lease.

On May 16, 1963, the parties executed a lease extension rider, continuing the lease for one year at a monthly rental of $224.00. No purchase option provision was included in that extension rider. The purchase option rider executed on May 16, 1962, terminated on December 27, 1963, when Wheatland failed to exercise it.

Wheatland filed a Petition for Arrangement under Chapter XI of the Bankruptcy Act on February 5, 1964. The Trustee appointed in these proceedings paid the monthly rental due in March 1964. Thereafter Wheatland was in default on its rental payments and Burroughs filed a Petition for Reclamation. That Petition was refused by the Referee in Bankruptcy on the ground that the lease, being a security agreement under the terms of the Uniform Commercial Code, 12A P.S. § 1-201(37), had not been filed as required by the Code, 12A P.S. § 9-302, and was therefore invalid against the Trustee.

The question presented by the Petition for Review is whether the lease was intended as security and is to be determined by the facts of the case. In determining the intent of the parties, we may look only to the language of the lease itself, which provided that "there are no understandings, agreements, representations or warranties, express or implied, not specified herein, respecting this lease or the equipment or service hereinabove described." (12A P.S. § 2-202)

The Code provides that "the inclusion of an option to purchase does not of itself make the lease one intended for security." It further provides that "an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." [12A P.S. § 1-201(37)]

This language of the Code describes what was formerly known in Pennsylvania as a bailment lease, a security device by which one desiring to purchase an article of personal property, but not wishing to pay for it immediately, could secure possession of it with the right to use and enjoy it as long as the rental was paid and with the further right to become the owner, upon completing the installment payments, by the payment of an additional nominal sum. General Motors Acceptance Corp. v. Hartman, 114 Pa.Super. 544, 174 A. 795 (1934).

The Courts, in referring to the term "nominal consideration", frequently use

it interchangeably with the sum of $1.00 or some other small amount. Valicenti v. Central Motors, Inc., 115 Pa.Super. 74, 174 A. 799 (1934); Commercial Banking Corporation v. Philadelphia Transportation Company, 162 Pa.Super. 158, 56 A.2d 344 (1948).

In the instant case, the additional amount which Wheatland was to pay to secure ownership of the machinery should it choose to exercise the option was a minimum of 25% of the list price, or $2,006.25. That amount is not a nominal consideration for the right to become the owner of the equipment, but represents a substantial proportion of the purchase price. In the case of In re Royer's Bakery, Inc., 56 Berks County Law Journal 48 (1963), the Referee held that an agreement was intended as security when it provided that 80% of the rental payments previously made could be applied to the purchase price. But that provision differed from the instant one in that the credit could be applied up to but not exceeding the list price, so that upon compliance with the terms the lessee could become the owner without paying any additional consideration.

With regard to a lease intended as security, the law recognizes that the ultimate intent of the agreement is a sale, to take effect and become operative only upon compliance with the provisions of the lease. Here considerably more than completion of the rental payments provided for in the lease was required to give Wheatland ownership of the machinery. A further indication that this lease was not intended for security by the parties is the fact that in May 1963, when the lease was extended, the purchase option rider was not likewise extended, although the option would terminate if not exercised, before the end of the term of the extended lease. On February 5, 1964, when Wheatland filed its petition for arrangement, the only agreement in effect between it and Burroughs was the lease, the purchase option rider having expired on December 27, 1963, because Wheatland failed to exercise it.

Because we find that the leasing agreement between Burroughs and Wheatland was not one intended for security within the terms of the Uniform Commercial Code, Burroughs was not required to file a financing statement to perfect its interest and to maintain its right to reclamation. For this reason, the Order of the Referee in Bankruptcy filed July 22, 1964, will be reversed and the case remanded to the Referee for proceedings consistent with this Opinion.