558 F.2d 179
 GLASCO, Barbara, Wendy Jackman, Doleta Gentry, Della
Washington and the Hill Manor Tenants Association, an
Unincorporated Association, Individually and on behalf of
all those similarly situated, Appellants,
v.
HILLS, Carla, Individually and in her official capacity as
Secretary of the Department of Housing and Urban
Development, H. R. Crawford, Individually and in his
official capacity as Assistant Secretary for Housing
Management in the Department of Housing and Urban
Development, Newark Community Housing Corporation, a
corporation of the State of New Jersey and Booker Realty
Management Corporation, a corporation of the State of New Jersey.
City of Newark, Intervenor.
 No. 76-1991.
 United States Court of Appeals,
Third Circuit.
 Argued May 6, 1977.
Decided June 27, 1977.
 
 Bernard K. Freamon, Newark, N. J., for appellants; Bernard K. Freamon, Newark, N. J., Clintona Hare, on the brief.
 Irving Jaffe, Acting Asst. Atty. Gen., Ronald R. Glancz, Barrie L. Goldstein, Attys., Civ. Div., Dept. of Justice, Washington, D.C., for appellees.
 Before ALDISERT and ADAMS, Circuit Judges, and FOGEL, District Judge.*
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 In A. O. Smith Corp. v. FTC, 530 F.2d 515, 525 (3d Cir. 1976), we summarized those considerations followed by an appellate court in reviewing the grant or denial of preliminary injunctions. We emphasized that the law has entrusted the power to grant or dissolve an injunction to the discretion of the trial court in the first instance, and not to the appellate court, and that unless the trial court misuses that discretion, commits an obvious error in applying the law, or makes a serious mistake in considering the proof, the appellate court must take the judgment of the trial court as presumptively correct. "This limited review is necessitated because the grant or denial . . . is almost always on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief." United States Steel Corp. v. Fraternal Ass'n of Steel Haulers, 431 F.2d 1046, 1048 (3d Cir. 1970).
 
 
 2
 The narrow question for decision in this appeal from a denial of a request for a preliminary injunction is whether we should reverse the district court judgment on the basis of the record before the trial court at the time it denied the request. We have repeatedly said that an appellate court, exercising its limited review of the grant or denial of preliminary injunctive relief, asks these questions: (a) Did the movant make a strong showing that it is likely to prevail on the merits? (b) Did the movant show that, without such relief, it would be irreparably injured? (c) Would the grant of a preliminary injunction substantially have harmed other parties interested in the proceedings? (d) Where lies the public interest? See cases cited in A. O. Smith Corp., supra, 530 F.2d at 525.
 
 I.
 
 3
 The appellants are tenants of Hill Manor Apartments, a 21-story, 426-unit apartment complex located in Newark, New Jersey, and built in 1970 with a mortgage insured by the Department of Housing and Urban Development under the National Housing Act, 12 U.S.C. § 1715l (d)(3). They seek to prevent rent increases requested by the owner and approved by HUD. The ultimate question to be decided by the district court at final hearing is whether a HUD regulation exempting landlords from local rent control ordinances in certain situations, 24 C.F.R. 403.1 et seq., preempts a Newark ordinance providing that no owner may impose a rent increase in excess of 5 percent without applying to, and gaining the approval of, the Newark Rent Control Board.
 
 
 4
 On November 27, 1974, the owner of Hill Manor Apartments served the tenants with a notice of a 27 percent rent increase approved by HUD. This was the first increase sought since the project was constructed. The attempted increase was challenged first in the New Jersey Superior Court, which ordered a hearing before the Newark Rent Control Board. The Board subsequently approved an 11 percent increase but the owner refused to accede to the lower rate.
 
 
 5
 The present action was filed on June 10, 1975, challenging the actions of the owner and HUD. The tenants moved for a preliminary injunction against the rent increase. On February 24, 1976, their motion was denied, without prejudice, and they were granted leave to file a supplemental complaint. In denying the motion, the district court reasoned: "What has been presented is sufficient to indicate that the likelihood of plaintiffs' eventual success is remote, so that one of the essential showings to the grant of a preliminary injunction is lacking." The tenants then filed a supplemental complaint embracing events that had occurred since the suit began, including a second HUD-approved rent increase and the issuance of HUD regulations, 24 C.F.R. 403.1 et seq., which purport to preempt local rent control in subsidized HUD projects. The tenants moved for a preliminary injunction restraining HUD from enforcing its new preemption regulations. On April 29, 1976, their motion was denied, the district court stating:
 
 
 6
 The denial of the preliminary injunction at the hearing of February 24, 1976 was arrived at on grounds that do not depend on the validity of these regulations. Consequently, the present motion is merely a formal challenge to the regulations now that they have been explicitly attacked by the added material in the supplemental complaint. Their "enforcement" is not a rational subject for restraint by injunction.
 
 
 7
 The present motion, in substance, is no more than an attempt to seek reargument or reconsideration of the previous denial, formally embodied in a separate order dated February 26, 1976. As such, it is far beyond the 14 day period fixed by Local Rule 12-I for that purpose, and it is accordingly, denied.
 
 
 8
 Both parties to this appeal are anxious that we resolve the ultimate legal issue posed by the tension between the HUD regulations and the Newark Rent Control Ordinance. We decline the invitation and affirm the action of the district court. An independent review of the record, as it existed at the time the injunction was denied, has persuaded us that the tenants did not meet the burden of establishing irreparable injury.
 
 II.
 
 9
 We have previously emphasized "the elementary principle that a preliminary injunction shall not issue except upon a showing of irreparable injury." National Land & Investment Co. v. Specter, 428 F.2d 91, 97 (3d Cir. 1970). We have said that the requisite feared injury or harm must be irreparable not merely serious or substantial. " 'The word means that which cannot be repaired, retrieved, put down again, atoned for. . . . Grass that is cut down cannot be made to grow again; but the injury can be adequately atoned for in money. The result of the cases fixes this to be the rule: the injury must be of a peculiar nature, so that compensation in money cannot atone for it. . . . ' Gause v. Perkins, 3 Jones Eq. 177, 69 Am.Dec. 728 (1857). 'Irreparable injury is suffered where monetary damages are difficult to ascertain or are inadequate.' Danielson v. Local 275, Laborers Union, 479 F.2d 1033, 1037 (2d Cir. 1973)." A. O. Smith, supra, 530 F.2d at 525.
 
 
 10
 We are not insensitive to the claims of appellants, and we recognize the desirability of achieving a prompt resolution of the ultimate legal issue of preemption. An appeal from a denial of a preliminary injunction, however, is hardly the procedural vehicle for the resolution of a sensitive issue of federal-state relations. The record at this stage is necessarily truncated. Moreover, the only proper inquiry on the question of preemption at this time is whether the movants have made a strong showing at the preliminary hearing that they are likely to prevail on the merits at the final hearing. Thus, even if we were to grapple with the merits at this stage, we could only decide, at most, whether or not the tenants have made a strong showing that they would ultimately prevail in a future decision.
 
 
 11
 It is a matter of no little distress that the original complaint in this matter, filed June 10, 1975, has not been moved for final disposition in the district court. The record discloses no request by plaintiffs for summary judgment or final hearing. Although there has been skirmish after skirmish in the battle for preliminary injunctions, there has been no effort in the trial court to sharpen and ripen the proceedings for final decision. Appellants filed their notice of appeal on May 21, 1976, from "the Order of the United States District Court for the District of New Jersey docketed February 24, 1976 and April 29, 1976, denying Plaintiffs' motions for a preliminary injunction enjoining the enforcement of 24 C.F.R. 403.5 and 24 C.F.R. 403.6, and prohibiting imposition of rent increases pending final resolution of this matter." But, since May, 1976, appellants have allowed a year to pass in the district court without attempting to achieve or accelerate "the final resolution of this matter" there.
 
 
 12
 It was a necessary prerequisite for a preliminary injunction that the tenants show irreparable injury. No probative evidence supporting this sine qua non was adduced before the district court prior to the orders of February and April, 1976, the subject matter of this appeal. At best, the claimed injury was financial, a loss of money, a loss capable of recoupment in a proper action at law.
 
 
 13
 The tenants' action was not merely an academic exercise to test whether federal power could preempt local rent control; rather, it was an attempt to strike down a federal regulation that facially permitted a higher rent increase than one permitted by the Newark authorities. The tenants had a clear-cut financial interest. Should they prove victorious, the path would be clear for refunds of improper rent increases.[1] But the record before the district court fails to show proof of irreparable injury. Because of this failure of proof, we will sustain the action of the district court, albeit for a reason other than that given by the district court. Brawer v. Horowitz, 535 F.2d 830, 841 n.21 (3d Cir. 1976).
 
 
 14
 The judgment of the district court will be affirmed.
 
 
 
 *
 Honorable Herbert A. Fogel, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Nor do appellants receive comfort from Volkswagenwerk Aktiengesellschaft v. Volks City, Inc., 348 F.2d 659 (3d Cir. 1965), which they suggest poses a scope of review at variance with A. O. Smith Corp., supra. Volkswagenwerk simply quoted the rule of Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972 (1929), stating that "the injunction usually will be granted" when the questions presented are "grave, and the injury to the moving party will be certain and irreparable."