549 A.2d 208

**HARFORD PENN–CANN SERVICE, INC.**

**v.**

**Gerald P. ZYMBLOSKY and Rita Zymblosky, his Wife, William Jackson and William J. Dempsey.**

**Appeal of William JACKSON and William Dempsey.**

Superior Court of Pennsylvania.

Submitted June 21, 1988.

Filed Oct. 17, 1988.

---

Matthew Dempsey, Scranton, for appellants.

Michael M. Goss, Philadelphia, for Harford Penn–Cann, appellee.

Ralph P. Carey, Scranton, for Zymblosky, appellees.

Before MONTEMURO, BECK and POPOVICH, JJ.

BECK, Judge:

Defendants/appellants William Jackson and William Dempsey operate a gas station and truck stop under the name of "Harford 65." Plaintiff/appellee Harford–Penn Cann Service operates a gas station, restaurant, and truck wash directly across the highway from Harford 65. Appellee filed a complaint contending that dust from Harford 65 was blowing onto appellee's property, to the detriment of appellee's business, and asking for equitable relief. The trial court, after a hearing, issued the following order:

> NOW TO WIT, this 27th day of July, 1987, this Court enjoins the Defendants and the Additional Defendants, their respective successors or assigns from using the leased premises as a gas station, truck stop, and from conducting any business or operation giving rise to the dust and dirt from their lands to the Plaintiff.

> The Sheriff of Susquehanna County is directed to enforce this order, and if necessary, he can seize and impound any vehicles on the Defendant's land adding to this dust problem.

This timely appeal followed.[1]

Appellants first contend that the trial court erred in its finding of fact that the dust created health problems for appellee's customers and employees and caused appellee to lose business. Appellants next contend that the trial court erred in its conclusion of law that appellants were liable for creating a continuing nuisance. They claim that, except for one occasion, the dust blowing onto appellee's property was

---

1. Appeal of this interlocutory order is of right pursuant to Pa.R.App.P. 311(a)(4).

caused not by their activities but by the activities of defendants Gerald and Rita Zymblosky conducted on an adjacent property. Appellants also contend that, even if caused by their own activities, the dust did not create the significant harm necessary for a finding that a nuisance exists. Finally, appellants claim that the injunction is vague and overly broad, and in addition violates the constitutional rights of persons using the truck stop.

We find that appellant's first two contentions are meritless. However, we agree with appellants that the injunction is too broadly drawn. We therefore reverse and remand.

 As to appellants' claim that the trial court erred in finding that the dust created health and business problems to appellee and was a hazard to its customers, we note that where the conclusions of the chancellor in equity are supported by the record, a reviewing court may not substitute its judgment for that of the chancellor. *Frowen v. Blank,* 493 Pa. 137, 142, 425 A.2d 412, 415 (1981). There was testimony on the record that the dust from appellants' truck stop prevented some of appellee's employees from wearing contact lenses; that one employee resorted to wearing a dust mask; that appellee's machinery, including his gasoline pumps, had to be cleaned and replaced more frequently; that windows in appellee's restaurant could not be opened; that dust collected on packages of food in appellee's restaurant that had to be wiped off before the packages were opened; and that business at appellee's truck wash had fallen off. This is sufficient evidence to support the factual findings of the trial court.

Appellants' next claim that the trial court erred in finding that it was their activities that caused the dust, rather than the activities of the Zymbloskys on adjacent property, is equally meritless. There is sufficient evidence in the record to support the finding that dust from appellants' property frequently blows onto appellee's property. We will not disturb this factual finding of the trial court on appeal.

■ We also find that the trial court did not err in concluding that the dust problem constituted a nuisance as a matter of law. A nuisance is the invasion of another's interest in the use and enjoyment of his land. Restatement (Second) of Torts, § 822 (1979). That invasion must cause "significant harm," which is "harm of importance involving more than slight inconvenience ... [T]here must be a real and appreciable interference with the plaintiff's use or enjoyment of his land ..." Restatement (Second) of Torts § 821F, comment c (1979). The testimony offered at trial regarding the health problems and lost business created by the dust, if believed, supports the conclusion that appellants created or maintained a nuisance. We will not disturb the credibility determinations of the trial court on appeal.

■ While the trial court did not err in finding that a nuisance existed, it did err in fashioning a remedy for that nuisance. In reviewing the issuance of an injunction, we determine whether the trial court abused its discretion in fashioning the order. *Richard v. Weiser*, 329 Pa. 203, 198 A. 29 (1938). We agree with appellants that the injunction issued by the trial court is overly broad and must therefore be reversed.[2]

The injunction prohibits appellants from "using the leased premises as a gas station [or] truck stop", and from "conducting any business or operation giving rise to the dust and dirt from their lands to [appellee]." This order in effect completely deprives appellants of their livelihood. Before ordering such a drastic remedy, the trial court has an obligation to consider alternate means by which the dust problem may be abated, such as paving over or wetting any dirt surfaces on appellants' property, or installing appropriate barriers. As our Supreme Court noted in vacating a similarly overbroad injunction prohibiting the operation of a noise-creating industrial plant:

2. Because we reverse on this ground, we need not consider appellants' claim that the provision of the order empowering the sheriff to seize and impound any vehicles adding to the dust problem violates the constitutional rights of truckers whose vehicles might be seized.

Where the facts and equities call for it, a chancellor is required to give relief by injunction; but such injunction should never go beyond the requirements of the particular case; and under no circumstances should a decree be entered the apparent practical effect of which will be to close an industrial plant, if it is possible to frame another form of decree which will give such relief as the plaintiff is entitled to.... In a case like the present where the annoyance arises from the conduct of a business which is not a nuisance per se, a strong effort should be made to conserve the rights of all the parties; and an important question is, Can the noise by any reasonable means be so moderated as to accord with the degree of quietness the plaintiff has a right to enjoy; and, if it can, by what means?

*Collins v. Wayne Iron Works,* 227 Pa. 326, 330, 76 A. 24, 25 (1910).

Order reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.