## Stewart R. GOLEN, Individually, and t/a Stewart R. Golen Partnership, Appellants,

v.

## The UNION CORPORATION, U.C.O.– M.B.A., Inc., Irvin G. Schorsch, Jr. and John B. Schorsch, Appellees.

Superior Court of Pennsylvania.

Argued June 9, 1998.

Filed Sept. 2, 1998.

Michael J. McCaney, Jr., Blue Bell, for appellants.

John Mattioni, Philadelphia, for Union Corp., U.C.O.–M.B.A., Inc., appellees.

Drew S. Dorfman, Philadelphia, for Irvin G. Schorsch, appellees.

Before HUDOCK, MUSMANNO and OLSZEWSKI, JJ.

1. 42 U.S.C.A. §§ 9601–9675.

OLSZEWSKI, Judge:

This appeal presents the question of whether private nuisance provides a remedy for a landowner who cannot sell his or her property because of neighboring environmental contamination, when the contamination does not otherwise affect the landowner's use of the property. The trial court granted appellees' motion for summary judgment, finding that private nuisance does not provide a remedy. We affirm.

Both appellants' and appellees' property are located in an industrial section of Philadelphia. During the 1970's, appellees' property was used for recycling electrical transformers, which contaminated the property with polychlorinated biphenyls (PCBs). As a result of this contamination, the property was listed on the National Priorities List (NPL) of the Comprehensive Environmental Response, Compensation and Liability Act[1] ("CERCLA" or "Superfund"). Although the contamination leaked into the Delaware River, there is no evidence that it migrated to appellants' property.

Appellants' property was used as a waste transfer station including the treatment of some hazardous waste. Appellants learned of appellees' property NPL status in 1983. Appellants attempted to sell their property in 1991, but claim they were unable to find a buyer because of appellees' NPL listing. Appellants concede that their ability to use the property has not otherwise changed.

Appellants filed a private nuisance suit, based upon the inability to sell the property. In response, appellees filed a motion for summary judgment, which the trial court granted. This appeal followed.

When considering an order for summary judgment, our standard of review is well settled.

[W]e must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment will be granted only in

those cases which are free and clear from doubt. Our scope of review is plenary. *State Farm Auto. Ins. v. Universal Ins.*, 549 Pa. 518, 701 A.2d 1330, 1331 (Pa.1997) (citations omitted).

Appellants admit that their land is not contaminated and that aside from alienability, their use of the property remains unaffected. Nevertheless, appellants argue that they are entitled to relief under a theory of private nuisance. In tort, one may be damaged but not suffer a legal injury. *See Rosenthal v. Carson*, 149 Pa.Super. 428, 27 A.2d 499, 501 (Pa.Super.1942). Although appellants have clearly alleged damages, we must decide whether they were a result of a compensable injury. We conclude that they are not.

This Commonwealth follows the Restatement (Second) of Torts' formulation of private nuisance. *See Kembel v. Schlegel*, 329 Pa.Super. 159, 478 A.2d 11, 14 (Pa.Super.1984). The Restatement defines a private nuisance as "a nontrespassory invasion of another's interest in the private use and enjoyment of land." 4 Restatement Torts, 2d, § 821D, p. 100. Appellants claim that the interest invaded was their ability to sell their property. We find, however, that this is not the type of injury contemplated by the Restatement.

Admittedly, a broad reading of the Restatement definition could include appellants' claim. It has been noted that the concept of nuisance is broad enough to encompass virtually all harms. *See Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 487 N.W.2d 715 (Mich.S.C.1992). Thus, courts must determine sensible limits to liability under this potentially sweeping concept. After careful consideration, we conclude that private nuisance only recognizes injuries that require physical presence on the property in order to be perceived.[2]

We recognize that alienability and diminution of property value are relevant means to calculate damages in a nuisance suit. These concepts are not, however, cognizable injuries of themselves.

The physical presence requirement is supported in the text of the Restatement.

> *b. Interest in use and enjoyment of land* ... The phrase "interest in the use and enjoyment of land" is used in this Restatement in a broad sense. It comprehends not only the interests that a person may have in the actual present use of land for residential, agricultural, commercial, industrial and other purposes, but also his interests in having the present use value of the land unimpaired by changes in its physical condition ... "Interest in use and enjoyment" also comprehends the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land. Freedom from discomfort and annoyance while using land is often as important to a person as freedom from physical interruption with his use or freedom from detrimental change in the physical condition of the land itself. This interest in freedom from annoyance and discomfort in the use of land is to be distinguished from the interest in freedom from emotional distress ... The latter is purely an interest of personality and receives limited legal protection, whereas the former is essentially an interest in the usability of land and, although it involves an element of personal tastes and sensibilities, it receives much greater legal protection.

Restatement Torts, 2d, § 821D comment b., p. 101. Although the comment requires "interest in use and enjoyment of land" to be read broadly, this broad reading is entirely within the confines of uses of land that arise while occupying property. It defines the interest in terms of occupancy, physical interruption, and physical condition. These terms denote land uses that are enjoyed while a person is actually present on the property. Nowhere in the comment is there the merest allusion to abstract property

---

**2.** Perception while physically present should not be confused with physical invasion. For instance, the noise and light from a trucking business can be perceived while physically present on neighboring property and may constitute a nuisance though no physical invasion occurs. *See Firth v. Scherzberg*, 366 Pa. 443, 77 A.2d 443 (Pa.1951) (noise and headlights from a trucking business operated at night considered a nuisance where it deprived neighbors of sleep).

rights such as ability to sell. This ability can be enjoyed regardless of one's occupancy of the land as land sales may occur without the parties ever entering the property. We find the ability to sell more like an injury against personality, which the Restatement specifically rejects. Both are types of harm that, though connected with the property in some way, manifest independent of presence on the property.

Pennsylvania caselaw involving private nuisance is consistent with this view. All of the cases relate to an interference of the enjoyment of the property while on the premises. *See, e.g., Harford Penn–Cann Service, Inc. v. Zymblosky*, 378 Pa.Super. 578, 549 A.2d 208 (Pa.Super.1988) (dust from truck stop sufficient to constitute nuisance where health problems to employees resulted); *Karpiak v. Russo*, 450 Pa.Super. 471, 676 A.2d 270 (Pa.Super.1996) (dust from a business not a nuisance where no health problems or effect on daily activities resulted); *Township of Bedminster v. Vargo Dragway, Inc.*, 434 Pa. 100, 253 A.2d 659 (Pa.1969) (excessive noise from a racetrack in a residential area found to be a nuisance in fact). No case allows for as expansive a protection as appellants advocate.

Finally, accepting appellants' theory of private nuisance would constitute poor policy. If we were to allow recovery in this case, we would open the proverbial floodgates. Anytime a property owner engaged in an activity that ostensibly reduced surrounding property values, liability would attach. Hence, a property owner opening an unpopular public housing project or an AIDS clinic would be strictly liable for a decline in surrounding property values. Such a rule would allow unfounded prejudices to dictate property use, which is clearly unacceptable. Although hazardous waste contamination is undeniably pernicious, when such contamination only impacts a property owner's ability to sell his or her property, a nuisance action does not exist.

Moreover, the rule proposed by appellants would impose almost limitless liability on a property owner for an undesirable use. Instantly, if appellants recover so can every other neighbor who claims difficulty selling his or her property, regardless of proximity to appellees. This Court has condemned this type of unlimited liability. *See Moore v. Pavex, Inc.*, 356 Pa.Super. 50, 514 A.2d 137 (Pa.Super.1986).

In conclusion, we find that appellants' claim of inability to sell property is, by itself, insufficient to establish a private nuisance. *See Adkins, supra.* This claim amounts to damage without legal injury, or *damnum absque injuria,* and is therefore meritless.

Order affirmed.