

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# Norfolk S Railway Co v. Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Norfolk S Railway Co v. Pittsburgh" (2007). *2007 Decisions.* Paper 990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4286
_____


NORFOLK SOUTHERN RAILWAY COMPANY


v.


CITY OF PITTSBURGH,
                        Defendant/Third-Party Plaintiff


v.


CHARLES L. DESMONE & ASSOCIATES
t/d/b/a Desmone & Associates Architects;
MAZZA ENGINEERING ASSOCIATES, INC.,
                        Third Party Defendants

City of Pittsburgh, Appellant



_____


On Appeal from the United States District Court
for the Western District of Pennsylvania

(D.C. No. 04-cv-01808)
District Judge:  The Honorable Joy F. Conti
_____

ARGUED MAY 15, 2007

BEFORE: FISHER, NYGAARD, and ROTH, <u>Circuit</u> <u>Judges</u>.


(Filed: June 7, 2007)
_____

John F. Doherty, Esq. (Argued)
George R. Specter, Esq.
City of Pittsburgh Department of Law
414 Grant Street
313 City County Building
Pittsburgh, PA 15219
          Counsel for Appellant


W. Gregory Rhodes, Esq. (Argued)
Klett, Rooney, Lieber & Schorling
One Oxford Centre, 40th Floor
Pittsburgh, PA 15219
          Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

The City of Pittsburgh appeals the District Court's order granting a preliminary injunction in favor of Norfolk Southern Corporation. We will affirm.

I.

The facts and procedural history of this case are well-known to the parties and are thoroughly set forth in the Magistrate Judge's Report and Recommendation (R&R). Hence, we briefly summarize the factual background of the case and limit our discussion to our *ratio decidendi*.

A portion of the hillside under Corfu Street in Pittsburgh ("the City") rests upon a partially eroded, prehistoric landslide. The hillside recently became unstable, and on several occasions, boulders, asphalt, trees and other debris have fallen onto a railroad

2

track which Norfolk Southern operates below Corfu Street. The landslides have caused a multi-car train derailment, extended delays in train traffic and physical injury to a Norfolk Southern employee. Norfolk Southern has incurred extensive clean-up costs and employs a flag-man around the clock to guide trains through the area.

Norfolk Southern filed a complaint against the City, seeking, *inter alia*, a preliminary injunction to compel the City to abate and correct conditions created by the landslides, based upon state law public nuisance, private nuisance, and negligence claims. Initially, the parties reached an agreement which provided for (1) the expedited completion of an engineer's report commissioned by the City; (2) continued posting of a Norfolk Southern flag-man at the site; and (3) withdrawal of Norfolk Southern's motion for a preliminary injunction. Shortly thereafter, the City moved to dismiss Norfolk Southern's public nuisance claim.

The engineer's report identified a certain cluster of boulders, which began to fall upon the railroad tracks, as a threat to rail traffic. Norfolk Southern moved for a temporary restraining order to require the City to remove the cluster immediately. The City then agreed to allow Norfolk Southern to enter the City's property to remove the largest boulder in the cluster, and to build a catchment fence beneath the cluster. However, during construction of the fence, a large boulder fell out of the cluster, and Norfolk Southern renewed its motion for a preliminary injunction.

The Magistrate Judge conducted a two-day evidentiary hearing, and recommended that the District Court grant the preliminary injunction against the City. The District Court adopted the R&R and entered the injunction.[1] The City filed a timely appeal.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994). On appeal, the City contends that Norfolk Southern failed to satisfy the four requirements necessary to obtain a preliminary injunction. A party seeking a preliminary injunction must show (1) a likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the non-moving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of New Jersey v. Strafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004).

First, the City argues that Norfolk Southern failed to establish a "reasonable likelihood of success" on the merits of its private nuisance and negligence claims.[2] Under Pennsylvania law, a private nuisance is a "nontrespassory invasion of another's interest in the private use and enjoyment of land." *Golen v. Union Corp.*, 718 A.2d 298, 300 (Pa. Commw. Ct. 1998) (quoting 4 RESTATEMENT (SECOND) OF TORTS 2d §821D). Norfolk

---

[1.] Hereinafter, we refer to the Magistrate Judge's findings and conclusions as those of the District Court.

[2.] The District Court concluded that Norfolk Southern did not have a reasonable likelihood of success on the merits of its public nuisance claim. Norfolk Southern does not appeal the court's conclusion.

4

Southern does not argue that the City's actions were "intentional and unreasonable." Therefore, to recover under a private nuisance theory, Norfolk Southern must show: (1) the City's conduct is the legal cause of its injury; and (2) the City's conduct was negligent, reckless, or abnormally dangerous. *Folmar v. Elliot Coal Mining Co.*, 272 A.2d 910, 912 (Pa. 1971).

We agree with the District Court that Norfolk Southern satisfied its burden here. First, the City owns the land above Norfolk Southern's property. It has a duty to use and maintain the land so as not to injure adjoining landowners. *McArthur v. Balas*, 166 A.2d 640, 643 (Pa. 1961). Second, Norfolk Southern repeatedly warned the City of the problems posed by the landslides. Meanwhile, over 1500 tons of debris has fallen onto the railroad tracks, one train has been derailed, and a Norfolk Southern employee has been injured. Experts for both Norfolk Southern and the City agree that, if no immediate action is taken, the landslides will continue, with potentially catastrophic results.

Norfolk Southern was likely to succeed on the merits of its negligence claim for the same reasons. The City has a duty to maintain its property so as not to injure lower or adjoining landowners. The City took no action, despite numerous warnings from Norfolk Southern and other adjacent landowners, and its own experts' recommendations. On these facts, Norfolk Southern had a reasonable likelihood of success on its private nuisance and negligence claims.

The City also argues that Norfolk Southern failed to establish an irreparable injury that outweighs potential harm to other interested parties. The irreparable injury element requires a clear showing of *immediate* irreparable injury. Establishing a risk of irreparable injury is not enough. In addition, the purported injury "must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977).

We agree with the District Court that Norfolk Southern met its burden here as well. Expert witnesses for both parties testified that, without immediate action, more landslides will occur. These landslides could lead to an entire collapse of Corfu Street. As the District Court found, the unstable hillside below Corfu Street poses a "presently existing actual threat" of severe, even deadly, personal injury to Norfolk Southern employees and Corfu Street residents.

The City argues that other trains have passed below Corfu Street without incident, and that the alleged harm to Norfolk Southern is therefore not irreparable. However, the facts the City adduces in support of this argument are not before us. Our review is limited to the facts as they were presented to the District Court, and we see no error in the court's analysis.

### III.

The record supports the District Court's conclusion that Norfolk Southern was likely to succeed on the merits of its private nuisance and negligence claims, and that

6

Norfolk Southern established an "irreparable injury." The District Court carefully balanced the interests at stake and did not abuse its discretion in awarding preliminary injunctive relief to Norfolk Southern. Accordingly, we will affirm.