## Spangenberg Area Property Association v. Spangenberg

C.P. of Lackawanna County, no. 2008 CV 5002.

*Joel M. Wolff,* for plaintiffs.
*Marx R. Zimmer,* for defendants.

MINORA, *J.,* June 24, 2010—

## I. INTRODUCTION AND BACKGROUND

Plaintiffs are primarily seeking relief in the form of a permanent injunction, intertwined with ancillary claims for nuisance, violation of the Unfair Trade Practices and Consumer Protection Law, slander of title and invasion of privacy, all relative to their purported lake rights at Lake Spagenberg,

The defendants are counterclaiming for $2,425 and unspecified punitive damages for added costs incurred by their water company, Spangenberg Enterprises due to the Property Owner's Association (SAPOA) treating of the lake with algaecides and herbicides.

By way of background, approximately 60 years ago, George Spangenberg and his father created a man-made lake, known as Lake Spangenberg. The lake was constructed by building an earthen dam on a large parcel of real estate owned by George Spangenberg's father, Virgil Spangenberg, and located in Jefferson Township, Lackawanna County, Pennsylvania. George Spangenberg purchased said parcel which included Lake Spangenberg and its surrounding real estate. For approximately the last 45 years, George Spangenberg has subdivided, marketed and sold the remaining real estate lots which surround Lake Spangenberg. All of the lots marketed and sold by George Spangenberg enjoy deeded lake rights to use and enjoy Lake Spangenberg. For example, the Wotanises own a lake-front property with deeded lake rights "to swim, boat, bathe and fish . . ." in Lake Spangenberg. The Wotanis lake-front property runs "along the shore" of Lake Spangenberg. Similarly, the Fryes also own a lake-front property with deeded rights to use and enjoy Lake Spangenberg. The Fryes' lake-front property runs "along the shore of Lake Spangenberg." Both the Wotanises and Fryes annually pay George Spangenberg a lake rental fee. The Association (SAPOA) represents the interests of persons who enjoy deeded rights to use and enjoy Lake Spangenberg, such as the Fryes and the Wotanises.

In approximately 2004, the Association, in response to complaints from its members that they could no longer use Lake Spangenberg because it was inundated with weeds, lily pads and algae, decided to legally treat Lake Spangenberg with algaecides and herbicides so that the members could exercise their deeded lake rights. To that

560

end, the Association (SAPOA), by and through a licensed professional, applied for and received a permit to legally treat Lake Spangenberg from the proper agencies of the Commonwealth of Pennsylvania.

Plaintiffs commenced this instant action to protect themselves and their property rights against what they felt to be continued attacks upon same by George Spangenberg and his daughter, Donna O'Hara.

Specifically, these alleged actions included defendants publicly and privately proclaiming they were suspending the deeded lake rights of the Wotanises and the Fryes even though defendants admitted they had no lawful or legal authority to take such actions.

Additionally, defendants allegedly interfered with the legal lake treatment of Lake Spangenberg even though the same was sanctioned by the Department of Environmental Resources and the fish and boat commission. There is even a disputed allegation of assault by Ms. O'Hara against Mr. Frye and vice-versa.

Against that backdrop, the court eventually heard a non-jury trial on March 11, 2010. The parties elected not to have a transcript of that proceeding made and filed of record. They subsequently submitted proposed findings of fact and conclusions of law. Since that is the case, we can now issue our general findings and non-jury verdict in accordance with Pa.R.C.P. 1038(b).

## II. GENERALIZED FINDINGS

The court finds it quite striking that the parties do not dispute the fact that the deeds for the plaintiff Wotanis

and plaintiffs Frye either contain or by virtue of their claims of title are subject to the following clause:

"And for the further consideration of an annual rental of $10 the said grantors herein grant and convey unto the said grantees, their heirs and assigns, *the right of access to said lake, including the margin of land between said lake and the herein above described premises, the same always to remain unobstructed and the right in the said grantees, their heirs and assigns, and guests to swim, boat, bathe and fish therein."* See plaintiffs' exhibits 1(a) through (c) and (2). (emphasis added)

While Mr. Spangenberg retains ownership of a five-foot to 15-foot wide perimeter around the lake, the property owner's right of access clearly does and must remain unobstructed. Additionally, the right of the grantees (plaintiffs herein) and their guests to swim, boat, bathe and fish on the lake are express rights the grantees enjoy and in their deeds are rights for which the Spangenberg family has collected a fee for decades. These lake rights were leased to enhance the marketability of the Spangenberg lots being sold.

Since the language of the granting deeds is clear and unambiguous there is no doubt it establishes the above rights for the Wotanises and the Fryes to enjoy as well as others similarly situated. This is so because the language of the deed, the purpose of the language in granting lake rights and the fact valuable consideration has been collected annually by the grantor (the $10 fee and enhanced marketability) are clear and undisputed. See generally, *In re Conveyance of Land Belonging to the City of Dubois,* 461 Pa. 161, 335 A.2d 352 (1975).

Logically, in order to enjoy and use their deeded and/ or bargained for lake rights including the right to swim, boat, bathe and fish, such activity would be next to impossible if the lake became overgrown with algae and vegetation. This is precisely why the Department of Environmental Protection (DEP) and the Commonwealth of Pennsylvania Fish and Boat Commission allowed the Association (SAPOA) to treat Lake Spangenberg over Mr. Spangenberg's objection. (See plaintiffs' exhibit 17.) 58 Pa. Code §51.61 and DEP Reg. §91.38.

Since the plaintiffs have clearly established their deeded rights for use and enjoyment of Lake Spangenberg, any interference or attempt at revocation of lake rights by the defendants would be unlawful.

Clearly, a permanent injunction is in order since, (1) the plaintiffs' right to relief is necessary to prevent immediate and irreparable harm which cannot be compensated for by damages in that the plaintiffs will lose their ability to enjoy their real property interests, their lake rights; (2) a greater injury will occur to the plaintiffs from refusing said injunction rather than granting it; (3) a permanent injunction will restore the parties to status quo as it existed immediately before the alleged wrongful conduct of interference with their lake rights; (4) the alleged wrong of the defendants is clearly manifest; and (5) from the clear interpretation of the deed language set forth above plaintiffs' right to relief is likewise clear as is their likelihood of prevailing on the merits. See *Chester Community Charter School v. Commonwealth Department of Education,* 996 A.2d 68 (Pa. Commw. 2010). Since the core issues in this case can be analyzed and decided on deed construction and injunction issues we can now render a verdict and eliminate the need to dwell

on some of the other ancillary theories expounded by the plaintiffs.

However, we will dispose of all claims in our non-jury verdict.

## III. NON-JURY VERDICT

"(1) Defendants' conduct constitutes a nuisance in that it significantly invades the use and enjoyment of plaintiffs' land at Lake Spangenberg. See *Harford Penn-Cann Service Inc. v. Zmblosky,* 378 Pa. Super. 578, 581, 549 A.2d 208, 209 (1988).

"(2) Defendants are permanently enjoined from attempting to improperly suspend or interfere with the deeded lake rights of the Fryes and the Wotanises and any others similarly situated.

"(3) Defendants are permanently enjoined from interfering with the legal water treatment of Lake Spangenberg as long as same is approved by the appropriate state governmental agencies.

"(4) Defendants are permanently enjoined from entering the lake property of the Frye's or the Wotanises' in a manner in which interferes with their enjoyment of the easements and covenants set forth above. While the Spangenberg's retain the right to enter the perimeter of the lake since they still own it in fee, they cannot engage in any disruptive behavior which interferes with the quiet enjoyment of unobstructed access the plaintiffs enjoy to said lake. For example, the defendants right to walk around the perimeter of the lake would be permissible, but any behavior/actions such as stationary occupation of the fee simple perimeter, the placing of obstruc-

tions or behavior incompatible with those rights to swim, boat, bathe and fish which has been purchased by the Fryes and Wotanises and others similarly situated would be strictly prohibited and subject to court sanctions for contempt. This approach recognizes the defendants' enhanced marketability of the land inherent with the granting/access to a grantee to use and enjoy said lake for the purposes noted.

"(5) The defendants are permanently enjoined from incorrectly invoicing any association member other than fees for which they have legally bargained.

"(6) The defendants are permanently enjoined from invading plaintiffs' Fryes' and Wotanises' privacy in their homes as well as relative to their lake rights.

"(7) The defendants are permanently enjoined from disparaging the Fryes' or Wotanises' title/rights as established above, through illegal threatened revocation of said rights.

"(8) The association UTPCL claim is addressed by the paragraph five of this verdict.

"(9) The assault claim of plaintiff Michael Frye against defendant, Donna O'Hara is dismissed, since the testimony is not conclusive as to who may have first struck whom.

"(10) The counterclaim of defendant George Spangenberg against the association (SAPOA) is dismissed since the association received the proper permits from the Commonwealth of Pennsylvania, Department of Environmental Protection and the fish and boat commission.

"(11) The parties are to bear their own costs and attorney's fees.

It is so ordered June 24, 2010.